DON F. DOGGETT AND ANNIE MARGARET DOGGETT, PLAINTIFFS v. ROBERT EARL WELBORN AND MARY BRADLEY WELBORN, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. DONALD BENNETT MATHIS AND PIEDMONT-CAROLINA MOTORS, INC. THIRD-PARTY DEFENDANTS

No. 7329DC177

(Filed 25 April 1973)

1. Rules of Civil Procedure § 56— summary judgment — failure to file affidavits

Where plaintiffs did not file opposing affidavits or reasons why affidavits justifying their opposition to the summary judgment motion could not be presented but rested instead on the mere allegations of their pleadings, summary judgment was properly entered for defendant based on the pleadings and on the deposition of plaintfif. G.S. 1A-1, Rule 56(e).

2. Automobiles § 76— smoke bank — zero visibility — hitting stopped vehicle — contributory negligence as matter of law

Summary judgment was properly entered for defendant in a personal injury and property damage action where plaintiff's own deposition showed her to be contributorily negligent as a matter of law in that she followed a gray truck into a smoke bank and continued to drive at 15-20 mph, though she could not see to or beyond the front of her own vehicle, until she collided with the truck which was standing on the highway after having collided with a third vehicle in front of it.

APPEAL by plaintiffs from Gash, District Judge, 2 October 1972 Session of District Court held in RUTHERFORD County.

Plaintiffs sought to recover for bodily injury, pain and suffering and property damage sustained when the automobile which plaintiff Annie Margaret Doggett was operating collided with a 1949 Ford pickup truck operated by Edmond Leroy Geer. The court granted motions for summary judgment dismissing plaintiffs' action.

*Robert G. Summey for plaintiff appellants.*

*Hamrick & Bowen by James M. Bowen for defendant appellees.*

*Morris, Golding, Blue and Phillips by James F. Blue, Jr., for third party defendant appellees.*

VAUGHN, Judge.

Plaintiffs alleged that defendant Robert Earl Welborn was driving an automobile, owned by Mary Bradley Welborn, east on U.S. 74 By-Pass near Spindale on the date and at the time in question and that as a result of his negligence, Welborn collided with a vehicle operated by Doyle Reid Hill and that this collision resulted in a chain reaction of several successive accidents. Plaintiffs alleged defendant's negligence in causing the first collision was the proximate cause of the successive accidents, including Miss Doggett's collision with Mr. Geer's truck. Defendants' fourth defense alleged that Miss Doggett's injuries, if any, were caused by the negligence of third-party defendants, Donald Bennett Mathis and his employer, Piedmont-Carolina Motors, Inc., when Mathis ran into the rear of Miss Doggett's vehicle. Both the defendants and the third-party defendants moved for summary judgment, pursuant to G.S. 1A-1, Rule 56, on the grounds that there was no genuine issue as to any material fact, plaintiff Annie Margaret Doggett was guilty of contributory negligence as a matter of law, and plaintiff Don F. Doggett was bound by the negligent acts and omissions of the plaintiff Annie Margaret Doggett. The movants offered the deposition of plaintiff Miss Doggett in support of their motion.

[1] The function of the motion for summary judgment is to determine if there is any genuine issue as to any material fact and, if there is no such issue, to provide for an efficient disposition of the matter. "An issue is material if the facts alleged would constitute a legal defense, or would affect the

Doggett v. Welborn

result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated 'genuine' if it may be maintained by substantial evidence." *Koontz v. City of Winston-Salem,* 280 N.C. 513, 518, 186 S.E. 2d 897, 901, petition for rehearing denied, 281 N.C. 516. " . . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56 (e). The burden rests upon the movants to establish the lack of a triable issue of fact.

Summary judgment is proper when it appears that even if the facts as claimed by plaintiff are taken as true, there can be no recovery. Here, defendants, by taking plaintiff's deposition, obtained her version of the facts. This deposition was used to supplement the motions for summary judgment. Plaintiffs saw fit to rest on the mere allegations of their pleadings and neither filed opposing affidavits nor reasons why affidavits justifying their opposition to the motion could not be presented.

The substance of the deposition given by plaintiff, Annie Margaret Doggett, which was offered by defendants, is as follows.

While operating a 1966 model Dodge automobile with the consent of Don F. Doggett, her father and owner of the vehicle, she entered U. S. Highway 74 By-Pass headed east and observed a large "smoke bank" across the highway ahead of her. The smoke was caused by a fire at a city dump. She slowed her vehicle from 55 miles per hour to 15 to 20 miles per hour as she drove into the smoke bank. At first she didn't realize the smoke was so dense. She proceeded into the smoke and maintained a speed of 15 to 20 miles per hour for a distance of approximately ten to fifteen car lengths until she collided with a gray pickup truck which she knew had preceded her into the smoke bank. The truck had collided with other vehicles in front of it and had stopped in a position placing it partially in Miss Doggett's lane of travel. She could not see anything from the time she entered the smoke, not even the end of the hood of the automobile which she was operating. From the time she entered

the smoke bank until she collided with the pickup truck, she was driving "blind" in the smoke. She did not see the gray pickup truck which she struck until the moment of impact. Without conceding that there was evidence to establish a genuine issue as to negligence on the part of any of the defendants, we sustain the entry of summary judgment against plaintiffs on the grounds stated by the trial court: contributory negligence as a matter of law on the part of plaintiff driver.

[2] The failure of an operator of a motor vehicle who is operating within the maximum lawful speed prescribed by G.S. 20-141 (b) to stop his vehicle within the radius of the lights thereof or within the range of his vision is not, standing alone, negligence *per se*. G.S. 20-141 (e). Plaintiffs urge that this familiar rule precludes a determination that their driver was negligent as a matter of law. We hold to the contrary. The negligence of plaintiffs' driver was not limited to failure or inability to stop within the range of her vision. She drove when she had no vision. She had ample opportunity to stop. With seeming indifference for her own safety, however, she continued to drive down the highway while so blinded by smoke that she could not see to or beyond the front of her own vehicle. She knew the gray truck which she struck had preceded her into the smoke but could not see it until the moment of impact. "Such is the stuff of which wrecks are made." Stacy, C. J., in *McKinnon v. Motor Lines*, 228 N.C. 132, 44 S.E. 2d 735.

Affirmed.

Judges BRITT and MORRIS concur.