NANCY H. SIDERS v. LARRY WAYNE GIBBS

No. 7614SC26

(Filed 2 June 1976)

1. **Rules of Civil Procedure § 56— affidavit verifying answer — time for filing**

    The trial court did not err in considering defendant's affidavit verifying his answer, though it was filed on the date of the summary judgment hearing, since plaintiff was not unfairly surprised, as the affidavit merely verified defendant's previously filed answer and added no new matters to the case.

2. **Automobiles § 109— non-driving owner — driver's negligence imputed to owner**

    Since generally an owner has the right to control and direct the operation of his vehicle, when the owner is an occupant of an automobile being operated by another with his permission or at his request, nothing else appearing, the operator's negligence is imputable to the owner.

3. **Automobiles § 109— non-driving owner — driver's negligence imputed to owner — failure of owner to rebut presumption — summary judgment proper**

    In an action to recover for personal injuries sustained by plaintiff while she was a passenger in a vehicle driven by defendant Young which collided with an automobile driven by defendant Gibbs, defendant Gibbs established by verified answer and other matter dehors the pleading that the plaintiff was the owner-occupant of the car operated by Young, but plaintiff did not by affidavits or otherwise respond to show that she had relinquished the right to control the car or to show anything else tending to negate the presumption that she controlled or directed the operator; therefore, the alleged negligence of Young was imputed to plaintiff, and summary judgment was properly granted for defendant Gibbs.

APPEAL by plaintiff from *Hall, Judge.* Judgment entered 11 December 1974, Superior Court, DURHAM County. Heard in the Court of Appeals 15 April 1976.

In this action to recover for personal injuries, plaintiff alleged that she was injured on 7 April 1974 when she was a passenger in an automobile driven by defendant Young that collided with an automobile driven by defendant Gibbs.

Both defendants denied negligence and alleged contributory negligence by plaintiff. Defendant Gibbs further alleged that plaintiff was the owner of the car driven by defendant Young, and that his negligence was imputed to her. Defendant Young cross-claimed against defendant Gibbs for contribution, for indemnity, and for damages for personal injuries.

Defendant Gibbs moved for summary judgment, supporting his motion with an affidavit verifying his answer and with a certificate of title showing that plaintiff was the owner of the Chevrolet vehicle operated by defendant Young. Plaintiff submitted no materials in opposition to the motion.

The trial court granted defendant Gibbs' motion for summary judgment. Plaintiff appealed, but this Court in *Siders v. Gibbs*, 26 N.C. App. 333, 215 S.E. 2d 813 (1975), dismissed the appeal under G.S. 1A-1, Rule 54(b) on the ground that the judgment disposed of fewer than all the claims without a finding that there was "no just reason for delay." Subsequently, plaintiff dismissed her action against defendant Young, defendant Young dismissed his remaining cross-claim against Gibbs without prejudice, and plaintiff again appealed from the summary judgment for defendant Gibbs.

*Clayton, Myrick, McCain & Oettinger by Grover C. McCain, Jr., for plaintiff appellant.*

*Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellee.*

CLARK, Judge.

[1] Plaintiff contends that the trial court erred in considering defendant Gibbs' affidavit verifying his answer since it was filed on the date of the summary judgment hearing, and this Court ruled in *Insurance Co. v. Chantos*, 21 N.C. App. 129, 203 S.E. 2d 421 (1974), that affidavits in support of summary judgment must be filed before the date of hearing. The purpose of the *Chantos* ruling is to prevent unfair surprise. There is no question of unfair surprise in this case since the affidavit merely verified defendant Gibbs' previously filed answer and added no new matters to the case. Further, in plaintiff's former

appeal, she stipulated that she was the owner of the automobile driven by Young.

The verified answer, certificate of title, and stipulation in the former appeal established that there is no genuine issue of fact as to plaintiff's ownership of the car driven by Young. There remains the question of whether the alleged negligence of operator Young is, nothing else appearing, imputed to the plaintiff who was the owner of and occupant in the automobile at the time of the alleged collision and her resulting injury.

[2] The liability of the owner-occupant does not rest upon the doctrine of respondeat superior but arises from the fact that the owner knowingly permits or directs the negligent operation of his car by another. Since generally the owner has the right to control and direct the operation of his vehicle, when the owner is an occupant of an automobile being operated by another with his permission or at his request, nothing else appearing, the operator's negligence is imputable to the owner. *Randall v. Rogers,* 262 N.C. 544, 138 S.E. 2d 248 (1964) ; *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543 (1960).

The foregoing rule of law is in effect only an evidentiary presumption or inference that the owner-occupant knowingly permits or directs the negligent operation of his car by another. But it does not necessarily follow as a matter of law that the negligence of the operator would be imputed to the owner-occupant. In *Green v. Tile Co.,* 263 N.C. 503, 139 S.E. 2d 538 (1965), the Court held that defendant's demurrer to complaint, which alleged that plaintiff was the owner of the car negligently operated by another, could not be sustained since the allegation that plaintiff was a passenger would permit her to show that she had relinquished the right to control to the operator.

The demurrer to the complaint under the applicable rules when *Green, supra,* was decided has since been abolished. As a substitute under the Rules of Civil Procedure, there may be used a motion for judgment on the pleadings under Rule 12(c), and motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The ruling in *Green, supra,* would apply now to both of these motions if it appeared from the pleadings only that the plaintiff was the owner-occupant of the vehicle negligently operated by another.

But in the present case we have a motion for summary judgment under Rule 56, where a party is permitted to go be-

hind and beyond the pleadings to determine whether there is a genuine issue of fact, as contrasted to a Rule 12 pleading motion involving an *asserted* factual issue. The purpose of summary judgment is to save time and expense by disposing of cases where there is no genuine issue as to any material fact. Materials other than the pleadings may be considered in passing on the motion, Rule 56(c), for the purpose of determining the material facts and whether there is a genuine issue as to these facts.

Rule 56(e) in pertinent part provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." It has been well established that the unsupported allegations in a pleading are not sufficient to raise a genuine issue of material fact where the movant supports his motion by affidavits or other materials showing the facts to be contrary to that alleged in the pleading. *Caldwell v. Deese,* 26 N.C. App. 435, 216 S.E. 2d 452 (1975). *Doggett v. Welborn,* 18 N.C. App. 105, 196 S.E. 2d 36 (1973).

[3] In this case the moving defendant established by verified answer and other matter dehors the pleading that the plaintiff was the owner-occupant of the car operated by Young. This material fact, nothing else appearing, created the evidentiary presumption or inference that the plaintiff knowingly permitted or directed the negligent operation of her car by Young, so that the negligence of Young would be imputed to plaintiff. Plaintiff did not by affidavits or otherwise respond to show that she had relinquished the right to control the car or to show anything else tending to negate that she controlled or directed the operator. Plaintiff could not rely on the unsupported allegations of her complaint to the effect that she was a passenger in the car negligently operated by Young. Having failed to respond, it was appropriate that under Rule 56(c) summary judgment be entered against the plaintiff. The judgment is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.