NANCY H. SIDERS v. LARRY WAYNE GIBBS

No. 7614SC26

(Filed 17 November 1976)

1. **Automobiles § 73— defendant driver's negligence imputed to plaintiff owner — wilful and wanton negligence of third defendant — plaintiff's negligence no bar**

   In an action by plaintiff to recover for personal injuries sustained when one defendant's car collided with plaintiff's car which was being driven by a second defendant, plaintiff's allegation of "wilful and wanton" negligence on the part of the first defendant, though supplemented only by allegations of bare factual circumstances, was sufficient to give notice of a claim of wilful and wanton negligence which would allow plaintiff to recover even if the defendant who was driving her car was negligent and such negligence was imputed to plaintiff. A prior opinion in this case, *Siders v. Gibbs,* 29 N.C. App. 540, is withdrawn.

2. **Negligence § 7— wilful or wanton negligence defined — carelessness and recklessness less than wilfulness and wantonness**

   "Wilful and wanton" negligence is conduct which shows either a deliberate intention to harm, or an utter indifference to, or conscious

disregard for, the rights or safety of others, but "carelessness or recklessness," though more than ordinary negligence, is less than wilfulness or wantonness.

APPEAL by plaintiff from *Hall, Judge*. Judgment entered 11 December 1974, Superior Court, DURHAM County. Heard in the Court of Appeals 15 April 1976.

The facts of this case are set out in *Siders v. Gibbs*, 29 N.C. App. 540, 225 S.E. 2d 133 (1976). In apt time, the plaintiff filed a petition to rehear. This Court, under Rule 31, Rules of Appellate Procedure, granted the petition to rehear, in pertinent part, as follows:

"1. No oral argument will be permitted upon the rehearing unless further ordered by this Court.

2. Each of the parties will file supplemental briefs restricted to the following questions:

(a) Do the allegations of plaintiff's complaint sufficiently allege wilful and wanton negligence of the Defendant Gibbs?

(b) If so, will contributory negligence of the plaintiff, imputed to her by her allegations of negligence of the driver of her own vehicle, bar her recovery in the event of her proof of wilful and wanton negligence on the part of Defendant Gibbs."

*Grover C. McCain, Jr. for plaintiff appellant.*

*Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellee.*

CLARK, Judge.

In the decision of this Court reported in *Siders v. Gibbs, supra*, the summary judgment for defendant Gibbs by the trial court was affirmed because it appeared that plaintiff as owner-occupant knowingly permitted or directed the negligent operation of her automobile by driver Young, and that the negligence of Young was imputed to plaintiff, which barred her recovery from the defendant Gibbs, the alleged negligent operator of a second vehicle. Plaintiff's petition to rehear is based on the contention that since she alleges in her complaint wilful and wanton negligence on the part of defendant, her allegation of

negligence by the driver of her own vehicle does not bar her recovery against the defendant. Plaintiff relies on *Brewer v. Harris,* 279 N.C. 288, 182 S.E. 2d 245 (1971).

Plaintiff in her complaint alleged that Young was driving in a westerly direction on Green Street, turned left in a southerly direction in order to drive east on Green Street "when he brought his automobile to a stop at the southern curb of Green Street." Plaintiff further alleged that defendant Gibbs was operating an automobile in a westerly direction on Green Street when it "collided with the automobile operated by . . . Young, in the southernmost lane of Green Street." These allegations are the only factual allegations in the complaint relative to the circumstances of the collision.

We gather from these sparse allegations of fact that the car operated by Young and also occupied by plaintiff-owner was followed by the car operated by defendant Gibbs. The distance between vehicles is not alleged. Young turned left from the westbound lane of Green Street across the eastbound lane intending to make a u-turn and stopped the car, headed south, with its front wheels against the southern curb of the street. Defendant Gibbs' trailing vehicle collided with the stopped vehicle in the eastbound lane.

Plaintiff then alleged that defendant Gibbs "was *wilfully, wantonly and recklessly negligent* in that . . . he was operating his automobile in an intoxicated condition, he was driving . . . at a speed much in excess of the posted speed limit. . . ." (Emphasis added.)

Plaintiff further alleged that Young was negligent in that "he made an illegal turn in the roadway . . . and he was driving carelessly and recklessly."

Plaintiff relies on the following rule of law: "Ordinarily, contributory negligence on the part of a plaintiff does not bar recovery when the wilful and wanton conduct of a defendant is a proximate cause of plaintiff's injuries. *Pearce v. Barnham,* 271 N.C. 285, 156 S.E. 2d 290; *Blevins v. France, supra; Brendle v. R. R.,* 125 N.C. 474, 34 S.E. 634." *Brewer v. Harris, supra,* at 297, 182 S.E. 2d at 350.

The defendant Gibbs takes the position that *Brewer* is distinguishable because in that case the plaintiff alleged the factual situation leading up to the collision in detail, but in the case

before us the plaintiff alleges no factual detail but alleges the conclusion of law that defendant Gibbs was "wilfully and wantonly" negligent.

[1] On this motion for summary judgment the factual circumstances of the collision appear only in the complaint. The new matter supporting the motion is directed solely to plaintiff's ownership of the vehicle operated by Young and is relevant only to the issue of whether the negligence of Young should be imputed to plaintiff. Defendant Gibbs offered no supporting material to controvert plaintiff's allegation that he was wantonly and wilfully negligent. Under the notice theory of pleading, the allegation of "wilful and wanton" negligence, though supplemented only by allegations of bare factual circumstances, is sufficient to give notice of a claim of wilful and wanton negligence, which would allow plaintiff to recover even if her driver had been negligent. Since defendant offered nothing to controvert this allegation, we hold that it was sufficient to withstand a motion for summary judgment. *Brewer v. Harris, supra.*

The defendant Gibbs further argues that the complaint alleges the same degree of negligence on the part of Young and that the words "carelessly and negligently" have the same meaning as the words "wilful and wanton." But we find no support for this argument in the decisions of the courts of this State. In *Hinson v. Dawson,* 244 N.C. 23, 92 S.E. 2d 393 (1956), the court for the first time dealt directly with the doctrine of punitive damages, based on allegations of wilful and wanton conduct, as applied to an automobile collision case. In that decision Justice Bobbitt (later Chief Justice) for the Court stated:

". . . Moreover, the words 'reckless' and 'heedless' would seem to import an uncertain degree of negligence somewhat short of wantonness.

An analysis of our decisions impels the conclusion that this Court, in references to gross negligence, has used that term in the sense of wanton conduct. Negligence, a failure to use due care, be it slight or extreme, connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. Conduct is

Siders v. Gibbs

wanton when in conscious and intentional disregard of and indifference to the rights and safety of others. . . . (Citations omitted.)

\* \* \* \*

. . . The alleged conduct of the driver of the Dawson car . . . is described as in reckless and wanton disregard of and indifference to the rights and safety of Leonard E. Hinson.

True, this additional allegation is made on information and belief; but the amended complaint, including the additional allegation, must be considered in the light most favorable to plaintiff. (Citation omitted.) When so construed, we cannot say that plaintiff had no right, in relation to the facts, alleged, to allege that defendants' conduct was wanton and to include a claim for punitive damages in her prayer for relief." 244 N.C. at 28, 29, 92 S.E. 2d at 396, 397.

[2] We must reject the contention that the alleged negligence of Young, imputed to plaintiff owner-occupant, is of the same calibre and character as the alleged wilful and wanton negligence of the defendant Gibbs. "Wilful and wanton" negligence is conduct which shows either a deliberate intention to harm, or an utter indifference to, or conscious disregard for, the rights or safety of others. "Carelessness and recklessness," though more than ordinary negligence, is less than wilfulness or wantonness. See 65 C.J.S., Negligence § 9 (1) (1966).

We reiterate that our ruling in this case is based entirely on the pleadings, and we do not speculate upon the outcome upon trial or upon any pretrial hearing where plaintiff has the burden of proving the alleged wilful and wanton negligence of the defendant Gibbs. Since the pleadings raise a genuine issue of material fact, the summary judgment was improvidently entered.

Because our determination of the issue raised in the rehearing of this appeal, which was not considered in the original opinion, changes the result reached by this Court, we withdraw our opinion previously filed in Siders v. Gibbs, 29 N.C. App. 540, 225 S.E. 2d 133 (1976), and declare that it is no longer the law of this case.

---

The summary judgment for defendant Gibbs is reversed for the reasons herein stated, and this cause is remanded.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.