LEE D. ANDREWS v. JOHN R. TAYLOR, SR. AND WIFE, BETSY TAYLOR, JOHN R. TAYLOR, JR., JOHN R. TAYLOR COMPANY, INC., AND MEREDITH SWIMMING POOL COMPANY

No. 7718SC51

(Filed 21 December 1977)

### 1. Negligence § 59.2—licensee—owner's duty

When a person enters upon the premises of another solely and exclusively in pursuit of his own pleasure, he is a licensee, and an owner owes a licensee only the duty to refrain from injuring him wilfully or through wanton negligence and from doing any act which increases the hazard to the licensee while he is on the premises.

### 2. Negligence § 59.3—swimming pool—licensee's death—no negligence of owner

In an action to recover for the wrongful death of intestate who was a licensee on defendant's property, having gone there for the purpose of swimming, evidence was insufficient to show that defendant was wilfully or wantonly negligent in the operation and maintenance of the pool; the failure of defendant to provide lifeguards and rescue equipment at his pool did not amount to negligence in light of the absence of any regulation requiring the same and the presence of the "swim at your own risk" notice; and plaintiff failed to show that the availability of lifeguards or rescue equipment would have prevented intestate's death.

### 3. Negligence § 30.1— manufacturer of swimming pool—insufficient evidence of negligence

In an action to recover for the wrongful death of intestate which occurred when he dove from a board into a pool manufactured by defendant, evidence was insufficient to show negligence in the design and construction of the pool where evidence disclosed that the design of the pool was in compliance with applicable slope requirements, and there existed substantial doubt as to whether certain recommendations were even applicable to the subject pool because of the height of the diving board.

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 19 August 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 October 1977.

Plaintiff, administrator, instituted this civil action on 6 March 1975 to recover for the wrongful death of his intestate, Kenneth M. Stokes, who lost his life by drowning in a swimming pool designed and constructed by defendant Meredith Swimming Pool Company, and operated and maintained by defendants John R. Taylor, Sr., Betsy Taylor, John R. Taylor, Jr. and John R. Taylor Company, Inc.

Evidence offered at trial tended to show that on 22 July 1974, the date of intestate's death, defendant John R. Taylor, Jr. owned and managed an apartment complex in Greensboro, North Carolina, known as Creekbend Apartments, including a swimming pool located on said premises. On that date, plaintiff's intestate Kenneth M. Stokes was visiting Claude Moyea, a tenant at Creekbend Apartments. Stokes and Moyea entered the pool area and Stokes went swimming, using the diving board. Stokes dove off the board and landed near the life line which runs across the middle or "break line" of the pool; the depth at the break line is five feet (5'). He did not surface for about a minute and was finally pulled from the water by several men. He was not breathing and had a bruise on his forehead and scars on his knees and chin. After unsuccessful attempts by paramedics to revive Stokes, he was pronounced dead upon arrival at Moses Cone Hospital.

The pool at the apartment complex is a kidney-shaped structure approximately sixty-two feet (62') in length. The diving board is twelve feet (12') in length, four feet (4') of which extends over the water at a height of 24 inches (24"). The deepest point in the pool is the drain at a depth of nine feet (9'). From the drain to the break line, the pool floor has a slope of one foot (1') vertical for every three feet (3') horizontal. The break line is twenty-four feet (24') from the back wall of the pool under the diving board. A sign is posted at the entrance to the pool which recites in pertinent part: "No lifeguard on duty. Swim at your own risk."

John C. Nantz, Jr., an engineer with the North Carolina Commission for Health Services (formerly State Board of Health), testified that his agency promulgated recommended minimum standards governing the design, construction and operation of public swimming pools. These recommendations covered the relationship between the depth of the diving well area of a swimming pool and the height of the diving board. Although the subject pool was at variance with certain recommended measurements, Nantz testified that such recommendations were based on the use of a diving board with a height (above the water) of one (1) meter — fifteen inches (15") higher than the diving board in use at the Creekbend Apartment pool. In addition, the recommended standards included no provisions requiring lifeguards or rescue equipment (other than a first-aid room) at this type of pool. Nantz further testified that Guilford County had not adopted the State

recommendations; and based on his reading of the Guilford County Board of Health regulations governing swimming pools, he could find no violation with respect to the Creekbend pool.

Franklin C. Odell, Jr., found by the court to be an expert in the field of engineering, testified that he was familiar with the Guilford County regulations — specifically, the section which provides that the slope of the pool floor between the deepest part (the drain) and the break line shall not exceed one foot (1') vertical in three feet (3') horizontal. He stated that straight away from the diving board, from the drain to the break line, the slope of the floor was in conformity with the county regulation. He also stated that on a different line — to the left of the diving board — the slope was greater than one foot (1') in three feet (3') and thus, in violation of the county regulation. However, he did not actually measure this line. Odell further testified that he found the depth markers to be located in their proper place.

Opinion testimony offered by plaintiff as to the cause of intestate's death was excluded by the court upon defendant's objection.

At the close of plaintiff's evidence, all the defendants moved for a directed verdict. The court allowed the motions. The plaintiff excepted and appealed to this Court.

*Lee D. Andrews, for the plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter, for the defendants.*

MARTIN, Judge.

The sole question before this Court is whether the evidence adduced at trial, considered in the light most favorable to the plaintiff, was sufficient to justify a reasonable inference that intestate's death was the proximate result of the alleged negligence of the defendants.

Since the record affirmatively reveals that defendant John R. Taylor, Jr. owned and operated the apartment complex, we initially find that plaintiff has failed to establish any grounds for negligence against defendants John R. Taylor, Sr., Betsy Taylor and John R. Taylor Company, Inc. The judgment in favor of these defendants is affirmed.

[1]  In determining the liability, if any, of defendant John R. Taylor, Jr., for the death of the intestate while swimming in defendant's pool, we must first ascertain the nature of defendant's *duty* to the intestate; any evidence tending to show that defendant Taylor violated this duty in operating and maintaining the swimming pool is evidence of negligence. It is well established that the duty owed a person on the premises of another depends upon the visitor's *status* — as an invitee, licensee or trespasser. *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154 (1959); *Clarke v. Kerchner*, 11 N.C. App. 454, 181 S.E. 2d 787 (1971). When a person enters upon the premises of another solely and exclusively in pursuit of his own pleasure, as did plaintiff's intestate in the instant case, he is a licensee. *Adams v. Enka Corp.*, 202 N.C. 767, 164 S.E. 367 (1932); *see Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717 (1957). Regarding the duty owed by an owner to a licensee, our courts have held that an owner owes to a licensee only the duty to refrain from injuring him *wilfully* or through *wanton* negligence, and from doing any act which increases the hazard to the licensee while he is on the premises. *Hood v. Coach Co., supra; Dunn v. Bomberger*, 213 N.C. 172, 195 S.E. 364 (1938); *Haddock v. Lassiter*, 8 N.C. App. 243, 174 S.E. 2d 50 (1970).

[2]  We are of the opinion, and so hold, that in the instant case no facts were presented sufficient to show or justify the inference that defendant Taylor was wilfully or wantonly negligent in the operation and maintenance of the Creekbend Apartment swimming pool. The failure of defendant Taylor to provide lifeguards and rescue equipment at his pool did not amount to negligence in light of the absence of any regulation requiring the same and the presence of the "swim at your own risk" notice. Further, plaintiff has failed to show that the availability of lifeguards or rescue equipment would have prevented intestate's death. *See Adams v. Enka Corp., supra.* The judgment in favor of defendant Taylor is affirmed.

Plaintiff has also contended that evidence adduced at trial was sufficient to show negligence by defendant Meredith Swimming Pool Company in the design and construction of the swimming pool. We disagree.

[3]  The record reveals that plaintiff relied upon the regulations of the Guilford County Board of Health and the recommendations of the North Carolina Commission for Health Services as evidence

of the standard of care in the design and construction of swimming pools. However, testimony by plaintiff's experts discloses not only that the design of the pool was in compliance with the applicable slope requirements, but also that there existed substantial doubt as to whether certain recommendations were even applicable to the subject pool because of the difference in the diving board's height. In light of this evidence, any inference which a jury might draw therefrom would be the result of speculation and conjecture. This issue was properly withdrawn from the jury's consideration. Accordingly, the judgment in favor of defendant Meredith Swimming Pool Company is affirmed.

The trial court's entry of judgment for all defendants on their respective motions for directed verdict is

Affirmed.

Judges BRITT and HEDRICK concur.