J. D. STREET, INDIVIDUALLY AND JASON DONT STREET, BY AND THROUGH HIS
    GUARDIAN AD LITEM, J. D. STREET v. GLENN MOFFITT AND WIFE, OLA
    MAE MOFFITT

No. 8624SC841

(Filed 20 January 1987)

Negligence § 59.3— child as licensee of defendants' tenants—injury from lawn
    mower—duty of landowner

    In an action to recover for personal injuries sustained by the minor plain-
tiff when he was struck by a lawn mower operated by defendants' tenant, the
trial court properly entered summary judgment for defendants where the child
was a licensee of defendants' tenant; there was no evidence of any willful or
wanton negligence in that defendants did not increase any hazard to the child;
and the higher measure of care required when young children are involved
was inapplicable where there was nothing in the record to indicate that de-
fendants knew the minor plaintiff was on their property.

APPEAL by plaintiffs from *Lamm, Judge.* Judgment entered
26 June 1986 in Superior Court, MITCHELL County. Heard in the
Court of Appeals 30 October 1986.

    This is a civil action instituted with the filing of a complaint
on 5 August 1985 by J. D. Street, individually and as *guardian ad
litem* for the minor plaintiff, Jason Dont Street. Glenn Moffitt and
his wife, Ola Mae Moffitt were named as defendants.

    Plaintiffs' complaint alleged, *inter alia,* that defendants
owned a farm; that Terry Byrd and his wife, Jane Byrd resided
on the premises of that farm in a garage apartment; that defend-
ants owned a power lawn mower with a completely exposed
rotary blade; that on 2 July 1984 defendants furnished said lawn
mower to Jane Byrd to cut the grass on defendants' premises;
and that while the minor plaintiff was visiting the Byrds, and
while Jane Byrd was operating the lawn mower, the minor plain-
tiff while riding a three wheel bicycle, slid into the grass *so as to*
come into contact with the exposed blade which cut off one of his
toes and severely injured his right foot, ankle, and leg. Plaintiffs

claimed that "[s]olely by reason of said negligence [providing a defective and dangerous lawn mower] of defendants, plaintiffs have been damaged in the sum of more than $25,000.00 for personal injuries."

On 8 October 1985, defendants filed a motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted, and an answer to plaintiffs' complaint. Defendants asserted that even if they were negligent, their negligence was not the proximate cause of plaintiffs' injuries. Defendants averred that it was Jane Byrd who was negligent in using a power mower while children were playing on the property, and in her failure to properly supervise the children. Defendants also asserted as a defense the negligence of the minor plaintiff's parents "in that they left Jason with Jane Byrd when they knew or should have known that Jane Byrd would be using the lawn mower in question, failed to warn or caution Jason not to play around said lawn mower and failed to warn or caution Jane Byrd not to use said lawn mower near the children."

On 27 May 1986, defendants filed a motion for summary judgment. On 9 July 1986, the court granted defendants' motion for summary judgment. Plaintiffs appeal.

*G. D. Bailey and J. Todd Bailey, for plaintiff appellants.*

*Moore, Willardson & Lipscomb, by William F. Lipscomb, for defendant appellees.*

JOHNSON, Judge.

The only issue we must address is whether there was a material issue of fact presented by the parties' pleadings and affidavits such that it constituted reversible error for the trial court to conclude that defendants were entitled to a judgment as a matter of law. We conclude that the forecast of evidence submitted by the parties does not present a material triable issue of fact and accordingly we affirm the trial court's judgment.

We are advertent to the well known principle that summary judgment is a drastic remedy. *First Fed. Sav. & Loan Ass'n v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972). The granting of summary judgment is appropriate when the forecast of the evidence discloses that there is no genuine issue as to

any material fact and that a party is entitled to a judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Ordinarily summary judgment is not appropriate in negligence cases. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). However, summary judgment is appropriate if it is established that the alleged negligence of a defendant was not the proximate cause of a plaintiff's injury. *Hale v. Duke Power Co.*, 40 N.C. App. 202, 252 S.E. 2d 265, *cert. denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979).

In order to determine the liability, if any, of defendants for the minor plaintiff's injuries we must first determine the nature of defendants' duty to the minor plaintiff. Any such duty owed by a landlord is determined by the visitor's status. *See Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154 (1959). In the case at bar the minor plaintiff was a social guest of defendants' tenants, Terry and Jane Byrd. On that basis the minor plaintiff's status may be established as a licensee as to the tenant. *See Haddock v. Lassiter*, 8 N.C. App. 243, 174 S.E. 2d 50 (1970) (citing *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717 (1957)). Moreover, even though the minor plaintiff may have been injured in a common area his status is that of a licensee. *See generally Andrews v. Taylor*, 34 N.C. App. 706, 239 S.E. 2d 630 (1977) (a visitor who drowned in a swimming pool while visiting a tenant was a licensee and the only duty owed by the owner to that licensee was the duty to refrain from injuring him willfully or through wanton negligence and from doing any act which increases the hazard to the licensee while he is on the premises). In the case *sub judice*, we find no evidence of any willful or wanton negligence. There is nothing in the record on appeal to indicate that defendants increased any hazard to the minor plaintiff. Thus, we are unable to find any evidence that defendants breached a duty to the minor plaintiff.

Plaintiffs rely upon *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974), for their assertion that a higher measure of care is required when young children are involved. However, the Court in *Anderson, supra*, stated that "[i]f the owner, while the licensee is on the premises exercising due care for his own safety, is actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased danger, the owner will be liable for injuries sustained as a result

of such *active or affirmative negligence.*" *Anderson, supra*, at 729, 202 S.E. 2d at 589 (emphasis supplied). As defendants in their brief are quick to point out, there is nothing in the record on appeal to indicate that they knew the minor plaintiff was on their property. It is undisputed that Jane Byrd was the only person who knew that the children were on the premises and in spite of that fact decided to mow the lawn with a lawn mower that she knew was defective.

For reasons stated hereinabove, the judgment is

Affirmed.

Judges ARNOLD and EAGLES concur.