DOUGLAS DEAN MARTIN v. CITY OF ASHEVILLE

No. 8728SC145

(Filed 6 October 1987)

**Municipal Corporations § 19.5; Negligence § 59.1— county ambulance attendant on city property—licensee—city not liable for simple negligence**

    Where a city permitted county medical assistance personnel to park county ambulances in city fire stations and to use fire station facilities, plaintiff ambulance attendant was a mere licensee while on the premises of a city fire station, and the city was not liable for injuries received by plaintiff when he

slipped and fell in diesel fuel which had leaked from a fire engine since the city was not guilty of willful and wanton negligence.

APPEAL by plaintiff from *Saunders, Judge*. Order entered 16 September 1986 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 2 September 1987.

Plaintiff Douglas Dean Martin instituted this civil action on 29 August 1986, seeking damages from injuries sustained in a fall. The defendant, City of Asheville, answered in apt time and moved the court to dismiss the complaint pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure. By consent of the parties the court reviewed discovery materials and treated defendant's motion as one for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. The court granted defendant's motion, and plaintiff appeals.

*Gum, Hillier and McDaniels, P.A., by Howard Gum; and Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for plaintiff-appellant.*

*Brock & Drye, P.A., by Floyd D. Brock, for defendant-appellee.*

WELLS, Judge.

The question presented is whether the trial court's order of summary judgment in favor of defendant was proper. It is elementary that summary judgment is appropriate only where the pleadings and discovery materials leave unresolved no genuine issue of material fact. Our Supreme Court has held:

A defendant is entitled to summary judgment only if he can produce a forecast of evidence which, when viewed most favorably to plaintiff, would, "if offered by plaintiff at the trial, without more, . . . compel a directed verdict" in defendant's favor. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 473, 251 S.E. 2d 419, 423 (1979). In other words, if the forecast of evidence available for trial, as adduced on the motion for summary judgment, demonstrates that plaintiff will not at trial be able to make out at least a prima facie case, defendant is entitled to summary judgment. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). In such cases there is no gen-

uine issue of material fact. *Moore v. Fieldcrest Mills, Inc.,
supra.*

*Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982).

Plaintiff in this lawsuit was an emergency ambulance attend-
ant in the employ of Buncombe County. At the time of plaintiff's
injury, there was in effect between the City of Asheville and
Buncombe County an oral agreement whereby emergency medical
assistance personnel used various fire stations owned and main-
tained by the City as bases of operation. Medical assistance per-
sonnel were permitted to park county ambulances in city fire
stations and to use fire station facilities. The County made no
lease payments to the City for this accommodation.

On the day of his injury, plaintiff returned to fire station No.
3 at approximately 6:39 p.m. and waited in the lounge area until
his relief crew arrived. At about the same time as the relief crew
arrived, an emergency call was received. Realizing he still had the
keys to the ambulance medical chest in his pocket, plaintiff exited
the lounge and hastened across the bay area, empty because the
fire engine was gone, towards the far east side of the station
where the ambulance was parked and where the relief crew was
waiting for him to bring the keys. As plaintiff crossed this empty
bay area, he slipped and fell on a pool of diesel fuel located direct-
ly beneath where fire engine No. 3 had been parked earlier that
day. Plaintiff claims that fire engine No. 3 had a history of fuel
leak problems.

Plaintiff urges us to reverse the trial court's order for two
reasons. First, he contends that there exists a genuine issue of
material fact with respect to his status—whether invitee or licen-
see—on defendant's premises. Naturally, plaintiff insists that he
was an invitee when he injured himself on city property and
therefore is entitled to the concomitant heightened standard of
care. We do not agree. We hold that plaintiff was a licensee as a
matter of law while on defendant's premises.

Our Supreme Court has carefully elaborated the difference
between licensees and invitees in *Mazzacco v. Purcell*, 303 N.C.
493, 279 S.E. 2d 583 (1981), as follows:

> The distinction between an invitee and a licensee is deter-
> mined by the nature of the business bringing a person to the

Martin v. City of Asheville

premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, *solely for his own purposes* rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself. [Emphasis supplied.]

The distinction between licensee and invitee depends on the purpose of plaintiff's business on defendant's property. One who enters upon the premises of another solely to advance his own interests cannot be an invitee. In the case at bar, the City of Asheville was permitting Buncombe County employees to utilize city fire stations for their own purposes and solely as a matter of accommodation. The County was paying no rent to the City for this privilege. Ambulances and emergency medical assistance personnel were the gratuitous guests of the City of Asheville, not its customers.

Plaintiff secondly contends that even if the Court should hold him to have been, as a matter of law, a mere licensee, he is nevertheless entitled to a jury trial. We disagree. It is settled law in North Carolina that a licensee can recover only for negligence which is willful, wanton, and reckless. As this Court stated in *Briles v. Briles*, 43 N.C. App. 575, 259 S.E. 2d 393 (1979):

In order for a licensee to recover, he must prove defendant's negligence was willful or wanton or that the owner of the premises is affirmatively and actively negligent in the management of his property, as a result of which the licensee is subjected to increased danger causing injury to him.

Since plaintiff candidly concedes in his brief that the City was not guilty of willful or wanton misconduct towards him, he cannot proceed. Plaintiff invites us to reconsider the position we took in *Briles*. We decline to do so.

In summation, since plaintiff was a licensee when he fell on defendant's premises, and since defendant's negligence, if in fact there was any, concededly did not rise to the level of willful or wanton misconduct so as to breach any duty of care owing to a licensee, defendant was entitled to judgment as a matter of law. The judgment of the trial court must be and is

Affirmed.

Judges EAGLES and MARTIN concur.