LIEF CYMONE YATES AND BIANCA ODESSA YATES, MINORS, BY GARY HENDERSON, THEIR GUARDIAN AD LITEM; AND JEWELL MAXINE YATES, PLAINTIFFS v. J. W. CAMPBELL ELECTRICAL CORPORATION, REX DAVID BASS, AND THE NORTHAMPTON COUNTY BOARD OF EDUCATION, DEFENDANTS, AND J. W. CAMPBELL ELECTRICAL CORPORATION AND REX DAVID BASS, THIRD-PARTY PLAINTIFFS v. TESSIE O. YATES, THIRD-PARTY DEFENDANT

No. 886SC1212

(Filed 5 September 1989)

1. **Negligence § 59.1— turning around on school driveway— licensees rather than invitees**

Although a high school was open to the public for an athletic event at the time of plaintiffs' accident, plaintiffs were

YATES v. J. W. CAMPBELL ELECTRICAL CORP.

[95 N.C. App. 354 (1989)]

licensees rather than invitees while on a school driveway where they were not on the school property for any purpose for which it was open to the public but merely drove their vehicle onto the driveway in order to turn around.

2. **Negligence § 59.2 — child licensee — accompaniment by adult — level of care by landowner**

While a landowner owes a higher level of care to a young child who is unable to appreciate a potential danger even though he is a licensee, this higher level of care is not owed when the child is accompanied by a parent or other custodial adult who has full knowledge of the potential hazard.

3. **Negligence § 59.2 — minor licensees — duty of care by land-owner — unawareness of children's presence on property**

Defendant board of education did not owe a higher measure of care to the minor licensees while the minors were on school property where the board was unaware that the minors were on its property.

4. **Evidence § 47 — expert in traffic design — incompetency to state opinion on legal questions**

An expert in civil and traffic engineering and highway design was not competent to render an opinion that defendant board of education showed "substantial disregard for the lives and safety of motorists using the driveway in question" by "actively" allowing cars to park in the driveway, since the opinion stated legal conclusions, and the witness was not competent to render any opinion on legal questions.

5. **Negligence § 59.3 — action by licensees — design and maintenance of driveway — ordinary negligence — summary judgment for landowner**

Summary judgment was properly entered for defendant school board in an action by plaintiff licensees to recover for injuries received in a collision while plaintiffs' vehicle was backing out of a school driveway where plaintiffs' forecast of evidence showed that defendant's negligence, if any, in the design and maintenance of its driveway was at most ordinary and passive in nature, and plaintiffs failed to forecast evidence that defendant was either willfully or wantonly negligent or that it acted to increase the danger while plaintiffs were on its property.

YATES v. J. W. CAMPBELL ELECTRICAL CORP.

[95 N.C. App. 354 (1989)]

APPEAL by plaintiffs from *Brown, Frank R., Judge.* Judgment entered 1 July 1988 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 11 May 1989.

Plaintiffs instituted this civil action on 12 May 1987 by the filing of their complaint in which they seek damages for injuries sustained when the vehicle in which they were riding was backed out of a driveway in front of Northampton High School West, which driveway was under the control of defendant Northampton Board of Education. Plaintiffs' vehicle collided with another vehicle driven by defendant Rex David Bass.

Plaintiffs' complaint alleges, *inter alia,* that defendant Board of Education was negligent in improperly designing the entrance to the parking lot in front of the high school because there is only one way to enter and exit the parking lot; that it failed to maintain the parking lot in a reasonably safe condition; and that it failed to properly direct traffic out onto the highway, or provide caution signals or adequate lighting. On 28 March 1988, plaintiffs moved to amend their complaint to allege, in the alternative, that if plaintiffs were held to have the status of licensees rather than invitees, that defendant Board of Education's negligence be deemed to be active, as well as willful and wanton. This motion was granted on 18 July 1988.

The defendant Board of Education's answer to the original complaint denied negligence. On 8 March 1988, defendant Board of Education moved for summary judgment, and the motion was granted on 1 July 1988. Plaintiffs gave notice of appeal to this Court in apt time.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harvey L. Kennedy and Harold L. Kennedy, III, and Koonz, McKenney and Johnson, by William P. Lightfoot, for plaintiff-appellants.*

*Robert E. Smith for defendant-appellee Northampton County Board of Education.*

JOHNSON, Judge.

Viewed in the light most favorable to plaintiffs, as we are required to do on motion by defendant for summary judgment, the evidence tends to show the following: On 2 January 1985, plaintiff Jewell Maxine Yates and her two children, plaintiff Lief Cymone Yates, then six months of age, and plaintiff Bianca Odessa Yates,

YATES v. J. W. CAMPBELL ELECTRICAL CORP.

[95 N.C. App. 354 (1989)]

then three years, were passengers in a 1982 Chevrolet van being operated by third-party defendant Tessie O. Yates. At approximately 5:45 p.m., it was dark and raining when Tessie Yates drove the van into a driveway to turn around in front of Northampton High School West from highway 186 which bounds the school on the south. Plaintiffs, who are residents of Washington, D.C., did not know that the driveway had no outlet and necessitated coming out in the same place they entered. There was a basketball game going on at the school when plaintiffs drove in. None of the plaintiffs, however, exited the van after it entered the driveway. Tessie Yates then backed the van straight out onto the westbound lane of highway 186. Plaintiffs' van was then hit on the passenger side by an oncoming automobile owned by defendant J. W. Campbell Electrical Corporation and driven by defendant Rex David Bass. Defendant Bass was traveling in the westbound lane of highway 186 when he collided with plaintiffs' van. Defendants Bass and Campbell Electrical Corporation are not involved in this appeal.

The issue before us is whether the trial court erred in granting summary judgment in favor of defendant Northampton County Board of Education (hereinafter the defendant). Summary judgment is appropriate for a defendant only when there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E.2d 363 (1982). If the forecast of evidence, viewed in the light most favorable to plaintiff, shows that he will be unable to make out a *prima facie* case at trial, then defendant is entitled to summary judgment. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

[1] First, plaintiffs urge us to reverse the trial court's order because they contend that there is a genuine issue of material fact regarding their status while on the public property under defendant's control. They argue that their status was that of invitee rather than licensee, and that therefore defendant owed them the corresponding higher duty of care. We disagree.

Our Supreme Court has set forth the distinction between an invitee and a licensee as follows:

> The distinction between an invitee and a licensee is determined by the nature of the business bringing a person to the premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, *solely for his own purposes* rather than the possessor's benefit. An invitee is a person who

goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979); *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E.2d 154 (1959).

*Mazzacco v. Purcell*, 303 N.C. 493, 497, 279 S.E.2d 583, 586-87 (1981) (emphasis in original).

Plaintiffs urge, however, that their status while on defendant's driveway was that of invitee because the high school is public property and at the time was open to the public for an athletic event. In support of their argument plaintiffs cite us to *Walker v. Randolph County*, 251 N.C. 805, 112 S.E.2d 551 (1960). In *Walker*, the plaintiff was injured when she fell down stairs in the Randolph County Courthouse. At the time she was reading notices of the public sale of real property posted on a bulletin board which extended about nineteen inches over an unguarded stairway leading to the basement. In upholding a verdict for the plaintiff, the Court found her to be an invitee rather than a mere licensee:

> G.S. 1-339.17 requires that notice of public sale of real property shall be posted at the courthouse in the county in which the property is situated, for thirty days immediately preceding the sale. The fact that such notices are required to be posted, a person interested in such notices and who seeks to find the same on the bulletin board maintained by the county for such purpose, is not a mere licensee but an invitee, and we so hold.

*Id.* at 811, 112 S.E.2d at 555.

We think the situation in *Walker* is clearly distinguishable from that in the case *sub judice*. The *Walker* plaintiff was in the public building for the purpose of looking for a public notice which, by statute, was required to be posted there. She was there for one of the purposes for which the building was open to the public. Conversely, the plaintiffs in the instant case were not on the school property for any purpose for which it was open to the public. Plaintiff Jewell Maxine Yates admitted in one set of interrogatories that no one in her van attended the athletic event taking place at Northampton High School West. She also made the following statements in a different set of interrogatories:

21. Where were you coming from at the time of the accident?

ANSWER: The District of Columbia.

22. Where were you going at the time of the accident?

ANSWER: To take my grandmother home.

Although plaintiffs allege in their unverified complaint that they attended the sporting event, they candidly admit in their brief that they "pulled into the Defendant's driveway to turn around." Unlike the plaintiff in *Walker*, the Yates plaintiffs were there solely for their own benefit and not in response to any express or implied invitation of defendant's.

We find support for our position in the case of *Martin v. City of Asheville*, 87 N.C. App. 272, 360 S.E.2d 467 (1987). In *Martin*, the plaintiff, an ambulance attendant employed by Buncombe County, was gratuitously permitted by oral agreement between the County and the City of Asheville to use fire station facilities owned by the City. Plaintiff was injured when he slipped and fell on a pool of diesel fuel in the fire station as he crossed the station to give the keys to the ambulance to a crew that was going to answer an emergency call. This Court held that plaintiff was at the city fire station solely for his own benefit and strictly as a matter of accommodation. Therefore, his status was that of mere licensee, not invitee. As in *Martin*, the plaintiffs in the case at bar were on defendant's property solely for their own accommodation and therefore have the status of licensees rather than invitees.

[2, 3] It is well settled in North Carolina that a landowner's duty of care to a licensee is to refrain from willful or wanton negligence, and from doing any affirmative acts which result in increased danger to the licensee while he is on the premises. *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E.2d 154 (1959); *Andrews v. Taylor*, 34 N.C. App. 706, 239 S.E.2d 630 (1977). Plaintiffs, however, contend that even if the two minor plaintiffs were licensees, that the defendant owed them a higher degree of care because of their tender years. We recognize that a landowner owes a higher level of care to a young child who is unable to appreciate a potential danger even though he is a licensee. *Anderson v. Butler*, 284 N.C. 723, 202 S.E.2d 585 (1974). This higher level of care is not owed, however, when the child is accompanied by a parent or other custodial adult who has full knowledge of the potential hazard. *Freeze v.*

*Congleton*, 276 N.C. 178, 171 S.E.2d 424 (1970). We think the instant case falls under the rule of *Freeze* since third-party defendant Tessie Yates, who was present and operating plaintiffs' van, should have realized the danger involved in backing out onto a highway at night. Plaintiffs, of course, assert that plaintiff Jewell Yates did not have full knowledge of the danger and therefore defendant owed a higher duty of care to the minor plaintiffs. We disagree, but find that the issue is moot, since the critical point is that there is no evidence that defendant was aware that the minor plaintiffs were on its property. Without such knowledge, defendant did not owe a higher measure of care to the young children. *Street v. Moffitt*, 84 N.C. App. 138, 351 S.E.2d 821 (1987).

Last, allowing for the possibility that we would decide that plaintiffs lacked the status of invitee, as we have, plaintiffs urge us that summary judgment is inappropriate because defendant was willfully and wantonly negligent, and its negligence was active. We disagree.

In addressing this question, we note that under G.S. sec. 1A-1, Rule 56, when a party moving for summary judgment has presented sufficient evidence to show that at trial he would be entitled to a directed verdict, then the nonmoving party may not rely upon the mere allegations of his complaint, but must present a forecast of his evidence which would prevent the movant from being entitled to judgment as a matter of law. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979).

[4] For this purpose, plaintiffs present the affidavit of Ronald E. Kirk, an expert in the field of civil engineering, highway design, and traffic engineering. It was his opinion that defendant showed "substantial disregard for the lives and safety of motorists using the driveway in question" by "actively" allowing cars to park in the driveway on 2 January 1985. In order for a witness to be competent as an expert, he must have skill or experience in the subject about which he testifies. *Hopkins v. Comer*, 240 N.C. 143, 81 S.E.2d 368 (1954). We think that Mr. Kirk has ventured out of his areas of expertise by giving an opinion as to the defendant's state of mind as being in "substantial disregard for the lives and safety of motorists" and characterizing its conduct as "active." These are legal conclusions, and as a specialist in civil engineering, highway design, and traffic engineering, the witness is not competent to render an opinion on legal questions.

" 'Wilful and wanton' negligence is conduct which shows either a deliberate intention to harm, or an utter indifference to, or conscious disregard for, the rights or safety of others. 'Carelessness and recklessness,' though more than ordinary negligence, is less than wilfulness or wantonness." *Siders v. Gibbs*, 31 N.C. App. 481, 485, 229 S.E.2d 811, 814 (1976) (citation omitted).

[5] Reviewing the record before us with these standards in mind, we find nothing to indicate that plaintiffs will be able to make out a *prima facie* case of willful or wanton negligence at trial. The principal of the high school testified that to his knowledge the driveway had never extended past the school and back to the street. Although he stated that he had previously discussed the possibility of installing a blinking light in front of the school to slow down logging trucks, this simply does not rise to the level of showing willful or wanton negligence.

Defendant's negligence, if any, in the design and maintenance of its driveway was at most ordinary and passive in nature. Plaintiffs have failed to forecast evidence that defendant was either willfully or wantonly negligent or that it acted to increase the danger while plaintiffs were on the premises. Therefore, the trial court's granting of summary judgment for the defendant Board of Education must be upheld.

Affirmed.

Judges COZORT and GREENE concur.