JOHNNY MICHAEL McLAMB v. CHARLES JONES

No. 7411SC740

(Filed 20 November 1974)

Negligence § 60— plaintiff trespasser — cable across path — liability of defendant trespasser

In an action to recover damages for personal injuries sustained by plaintiff when he ran into a cable stretched across a path by defendant, defendant could not rely on plaintiff's status as a trespasser in asserting that his standard of care was only that plaintiff not be wilfully or wantonly injured, since defendant was a trespasser himself in that he did not lease any of the path in question, own any land in the area, or have permission to go on the land where the accident occurred.

APPEAL by defendant from *Hobgood, Judge,* 6 May 1974 Session of Superior Court held in JOHNSTON County. Heard in the Court of Appeals 16 October 1974.

This is a civil action seeking damages for personal injuries sustained by the plaintiff allegedly resulting from defendant's negligence. From a jury verdict awarding plaintiff $7,500 as damages, defendant appealed.

Evidence introduced by the plaintiff tended to show that on 18 October 1969, the date of the incident herein involved, plaintiff was 15 years of age; that it was a Sunday afternoon, and plaintiff and his cousin were going to play baseball; that plaintiff was driving his cousin's Honda motorcycle with his cousin riding on the back; that plaintiff was travelling down a two-rut dirt farm path about 300 feet from the Dunn-Benson Drag Strip over which he and others frequently travelled; that a steel cable had been stretched across the path by the defendant or his agents about four feet from the ground and tied to trees on either side of the path; that there were no warning

signs on the cable or in the vicinity and that the cable had not been there when plaintiff travelled on the path two weeks previously; that plaintiff was right at the cable before he saw it and struck the cable before he was able to stop the Honda.

Other evidence of the plaintiff tended to show that the cable struck the plaintiff in the stomach, knocking him from the Honda and causing him serious injuries; that as a result of these injuries plaintiff had to undergo two abdominal surgery procedures, one at the Betsy Johnson Memorial Hospital in Dunn, North Carolina, and one at Duke Hospital in Durham, North Carolina; and that plaintiff was hospitalized for approximately six weeks altogether and suffered great pain and suffering as a result of his injuries.

Plaintiff's evidence also tended to show that defendant leased and operated the Dunn-Benson Drag Strip which was located about 300 feet from the scene of the accident but that the property on which the accident actually occurred was neither owned nor leased by the defendant.

Defendant's evidence, on the other hand, tended to show that some two to three hundred feet from the Drag Strip which he leased and operated was a path which had been in existence for a number of years; that during the course of one of the races at the Drag Strip some persons attempted to enter the premises through this path and nearly caused a serious wreck; that thereafter the defendant decided that a cable should be placed across this path to keep persons from entering the premises when a race was in progress; that he or persons under his direction instructed his employees to put the cable up on the night prior to the race and take it down after each race; that the cable was in no manner concealed or hidden and that "Keep Out" and "No Trespassing" signs were erected in the vicinity of the cable.

Additional facts necessary for decision are set forth in the opinion.

*Bryan, Jones, Johnston, Hunter and Greene, by Robert C. Bryan, for plaintiff appellee.*

*Stewart and Hayes, P.A., by D. K. Stewart, for defendant appellant.*

MORRIS, Judge.

Defendant's first assignment of error relates to the denial of his motion for involuntary dismissal under Rule 41(b) of the Rules of Civil Procedure. While "a motion to dismiss under this rule is not properly available in cases being tried by jury," *Hamm v. Texaco, Inc.,* 17 N.C. App. 451, 454, 194 S.E. 2d 560 (1973), in our discretion, plaintiff having made no objection to defendant's failure to state proper rule number, we have decided to treat defendant's motion as a motion for a directed verdict under Rule 50(a), which would have been the proper motion for defendant to make in this case to test the sufficiency of the plaintiff's evidence to get his case to the jury.

In support of his motion, defendant argues that plaintiff was upon the area in question without the permission of the owner and that if such facts are to be believed, then the owner or person in control of the premises owed to the plaintiff only the duty not to injure him willfully or wantonly. Defendant contends that nowhere in the record is there evidence that he willfully or wantonly caused injury to the plaintiff and, therefore, it was error to submit the case to the jury.

We recognize the well-settled principle that the standard of care owed by an owner or person in control of the premises to a trespasser is he "must not be willfully or wantonly injured." *Bell v. Page,* 271 N.C. 396, 399, 156 S.E. 2d 711 (1967) ; *Dean v. Construction Co.,* 251 N.C. 581, 587, 111 S.E. 2d 827 (1960). In examining the record, however, we are unable to find any evidence that the defendant was the owner or in control of the premises. To the contrary defendant's own evidence shows that his lease was solely for the Drag Strip, that he did not lease any of the road in question and that he owned no land in the area. Furthermore, there is no evidence that he had permission to go on the land where the accident occurred. Apparently, defendant was just as much a trespasser on the land as the plaintiff. In any event, plaintiff's trespass was against the owner of the property on which the accident occurred, not against the defendant. For this reason, we are of the opinion, and so hold, that defendant cannot rely on plaintiff's status as a trespasser in asserting that his standard of care was only that plaintiff not be willfully or wantonly injured.

Defendant's only other assignment of error relates to the trial judge's charge to the jury and may be dealt with sum-

marily. Defendant maintains that the court was required to instruct the jury on the duty of care owed to a trespasser. This assignment of error presupposes defendant is entitled to the protection and defenses available to an owner of premises or a person in control of premises with respect to trespassers. As we have concluded that the defendant in this case does not have such rights, this assignment of error is overruled.

No error.

Judges HEDRICK and BALEY concur.