MARTIN MARIETTA CORPORATION, MARTIN MARIETTA AGGREGATES, and JOHN
F. LONG, JR. v. WAKE STONE CORPORATION, and THOMAS B. OXHOLM

No. 390A93

(Filed 10 February 1995)

**Unfair Competition or Trade Practices § 39 (NCI4th)— false statements—intent to injure plaintiffs' business—unfair practices**

The Court of Appeals correctly reversed the trial court's grant of defendants' motion for summary judgment on plaintiffs' unfair or deceptive practices claim where the record contains a forecast of evidence from which a jury could find that defendants knowingly, or in reckless disregard of the truth, made and distributed statements which were both false and designed to injure or destroy plaintiffs' business in Nash County, thereby eliminating competition in that area, since such statements are "unfair" within the meaning and intent of N.C.G.S. § 75-1.1 and unlawful under the prohibitions contained in N.C.G.S. § 75-5(3).

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

Justice ORR did not participate in the consideration or decision of this case.

Appeal by defendants pursuant to N.C.G.S. § 7A-30(1) (substantial constitutional question) from a decision of the Court of Appeals, 111 N.C. App. 269, 432 S.E.2d 428 (1993), affirming in part and reversing in part a summary judgment in favor of defendants entered on 26 September 1991 by Stanback, J., in Superior Court, Wake County. Heard in the Supreme Court 12 January 1995.

*Petree Stockton, L.L.P., by Ralph M. Stockton, Jr., Jeffrey C. Howard, and Rodrick J. Enns, for plaintiff-appellees.*

*McMillan, Kimzey & Smith, by James M. Kimzey and Katherine E. Jean, for defendant-appellants.*

*Martha A. Geer for the American Civil Liberties Union of North Carolina Legal Foundation, amicus curiae.*

OWENS v. W.K. DEAL PRINTING, INC.

[339 N.C. 603 (1995)]

PER CURIAM.

Having reviewed the record, briefs and oral arguments of the parties, the Court concludes that the record contains a forecast of evidence from which a jury could find that defendants knowingly, or in reckless disregard of the truth, made and distributed statements which were both false and designed to injure or destroy plaintiffs' business in Nash County, thereby eliminating competition in that area. Such statements do not enjoy constitutional protection. *McDonald v. Smith*, 472 U.S. 479, 86 L. Ed. 2d 384 (1985). They are "unfair" within the meaning and intent of N.C.G.S. § 75-1.1 and unlawful under the prohibitions contained in N.C.G.S. § 75-5(3). Accordingly, the Court of Appeals was correct in reversing the trial court's grant of defendants' motion for summary judgment on plaintiffs' unfair or deceptive trade practice claim. The decision of the Court of Appeals is therefore

AFFIRMED.

Justice ORR did not participate in the consideration or decision of this case.