JERRY HOWARD, Administrator of the Estate of CARMELA HOWARD, Deceased, and JERRY HOWARD, Ind., Appellants-Plaintiffs, v. ROBERT JACKSON, PATSY JACKSON AND BARBARA SKUSA, J&S, Appellees-Defendants

No. COA94-1027

(Filed 19 September 1995)

### 1. Negligence § 101 (NCI4th)— death by drowning—no willful or wanton misconduct by pool owners

In an action to recover for the wrongful death of plaintiff's daughter who drowned in defendants' pool, none of defendants' acts or omissions rose to the level of willful or wanton misconduct where defendants had no duty to keep their swimming pool safe for use by plaintiff's daughter or to protect her from the injuries caused by the condition of the pool; as a licensee who was old enough to know she was a poor swimmer, decedent entered the swimming pool at her own risk and assumed the dangers of the pool with no ladder at the deep end, no underwater lighting, and no trained lifeguard; failure to employ such safeguards evidenced only passive negligence, if any, or passive omissions on defendants' part; and defendant grandmother's failed attempt to rescue decedent did not increase her injuries or cause her death.

**Am Jur 2d, Negligence §§ 307 et seq.**

### 2. Negligence § 106 (NCI4th)— duty owed to licensee—no higher duty owed to child

Defendants did not owe decedent who drowned in their pool a higher standard of care than that generally afforded a licensee because she was a child, since defendant grandmother, who was supervising her grandchild and a friend in the shallow end of the pool, engaged in no active conduct to increase the risk to plaintiff's daughter before she jumped in the pool, and a reasonable person would assume a swimming pool posed no great danger to a child as old as the decedent who did not hesitate to jump into the deep end.

**Am Jur 2d, Premises Liability § 29.**

**3. Trial § 64 (NCI4th)— summary judgment granted prior to completion of discovery—no error**

The trial court did not err in granting defendants' motion for summary judgment before plaintiff completed discovery since the hearing on the motion took place nearly a year after plaintiff filed his complaint and nearly two months after defendants filed the motion; the trial court could reasonably have concluded that plaintiff had ample time before the hearing to depose any additional material witnesses; plaintiff did not request to continue discovery until the day of the hearing and did not file a motion to continue summary judgment until after the judge announced his decision to grant summary judgment; and plaintiff argued that testimony from witnesses he had not yet deposed would establish decedent was a licensee, but, even if decedent were a licensee, plaintiff presented no evidence that defendants acted with active, affirmative, willful, or wanton negligence.

**Am Jur 2d, Summary Judgment § 12.**

Appeal by plaintiff from order entered 19 May 1994 by Judge Robert L. Farmer in Cumberland County Superior Court. Heard in the Court of Appeals 24 May 1995.

*Ronald R. Gilbert, P.C.; and Jerry D. Parker, Jr., for plaintiff appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Robert W. Sumner and Kari Lynn Russwurm, for defendant appellees.*

COZORT, Judge.

Plaintiff filed this action to recover damages from defendants for the alleged wrongful drowning of his eleven-year-old daughter. Plaintiff's daughter jumped into the deep end of a swimming pool belonging to defendants, Robert and Patsy Jackson, while defendant Barbara Skusa was watching her granddaughter and another child play in the shallow end of the pool. Plaintiff contends defendants' negligence in maintaining, operating and supervising the pool caused his daughter's death. The trial court granted summary judgment for defendants.

On appeal, plaintiff contends the trial court committed reversible error in (1) finding there was no genuine issue of material fact as to whether the decedent was a trespasser; (2) finding there was no genuine issue of material fact that defendants breached the standard of

care they owed the decedent if the court determined she was a licensee; (3) disregarding the opinions plaintiff's expert expressed in his affidavit; and (4) ruling on summary judgment issues when discovery had not been completed.

We affirm. The facts and procedural history follow.

Plaintiff's eleven-year-old daughter, Carmela Howard, drowned in Robert and Patsy Jackson's swimming pool on 19 July 1991. The Jacksons were out of town the weekend of the drowning, and defendant Barbara Skusa and her granddaughter, Kristin, were staying at the Jacksons' home. On the evening plaintiff's daughter drowned, Kristin and a friend were playing in the shallow end of the pool. Defendant Barbara Skusa, who was partially disabled from three minor strokes, was watching them. At about 9:00 p.m., Carmela walked into the pool area wearing a bathing suit, picked up a ball, walked to the deep end of the swimming pool, stepped on the diving board and jumped in the pool. Skusa testified she had never seen the girl before that night. Skusa saw that Carmela was struggling after she jumped in. She saw Carmela go under the water twice. Skusa then jumped in the pool to try to save the girl from drowning. Skusa testified that the decedent kept grabbing her and pulling her under the water. Skusa broke away and yelled for Kristin to call 911. Carmela was lying still at the bottom of the pool when Skusa got out. A rescue team and the county sheriff arrived moments later and removed the girl from the pool. Despite their attempts to resuscitate her, plaintiff's daughter died.

Plaintiff filed this action on 15 July 1993, alleging defendants were negligent and that their negligence caused the wrongful death of his daughter.

Defendants Robert and Patsy Jackson answered on 20 September 1993 and moved to dismiss the case for failure to state a claim upon which relief could be granted. Defendant Barbara Skusa answered and moved to dismiss the complaint on 17 March 1994.

Defendants moved for summary judgment on 24 March 1994, and the motion was heard on 16 May 1994. The parties agreed the motion could be ruled on out of term and session. Judge Robert L. Farmer determined on 16 May that defendants' motion for summary judgment should be granted and directed defendants' counsel to prepare a summary judgment order.

Plaintiff moved to amend his complaint 17 May 1994 to allege defendants' conduct was "willful and wanton, and/or active and affir-

HOWARD v. JACKSON

[120 N.C. App. 243 (1995)]

mative negligence." Plaintiff objected to the proposed summary judgment order he received on 17 May 1994 and moved to continue summary judgment and discovery. Plaintiff averred he had not had sixty days to complete discovery because Skusa did not answer the complaint until 17 March 1994. Plaintiff's counsel stated he thought the court was not going to reach its decision on the motion until later in the week of 16 May. Judge Farmer entered the summary judgment order on 19 May 1994 and dismissed plaintiff's case with prejudice.

The court held a hearing on 6 June 1994 to consider plaintiff's motions. The court allowed plaintiff's motion to amend the complaint on 8 June 1994. The court denied plaintiff's motions to continue summary judgment and discovery. Plaintiff appeals.

Summary judgment is the device used to render judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995); N.C. Gen. Stat. § 1A-1, Rule 56 (1990). Summary judgment is properly granted when it appears that even if the facts as claimed by the non-movant are taken as true, there can be no recovery. *Hudson v. All Star Mills*, 68 N.C. App. 447, 450, 315 S.E.2d 514, 516, *disc. review denied*, 311 N.C. 755, 321 S.E.2d 134 (1984). In ruling on a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Martin Marietta Corp. v. Wake Stone Corp.*, 111 N.C. App. 269, 276, 432 S.E.2d 428, 433 (1993), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 517, *motion to dismiss appeal denied*, 335 N.C. 770, 442 S.E.2d 517 (1994), *aff'd*, 339 N.C. 602, 453 S.E.2d 146 (1995).

In order to recover from defendants for the death of his daughter Carmela, plaintiff must show defendants breached the standard of care owed to her. The standard of care of defendants depends upon the status of the decedent, whether she was an invitee, a licensee or a trespasser. *See Hoots v. Pryor*, 106 N.C. App. 397, 406, 417 S.E.2d 269, 275, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992). In the original complaint, plaintiff alleged his daughter was a guest of defendants, and in the amended complaint plaintiff alleged she was a licensee. Plaintiff has never contended Carmela was an invitee. Defendants contend plaintiff's daughter was a trespasser.

A licensee is one who enters the premises with the possessor's permission, express or implied, solely for her own purposes rather than for the possessor's benefit. *Hoots*, 106 N.C. App. at 406, 417 S.E.2d at 275. A social guest in a person's home is considered a licensee. *Crane v. Caldwell*, 113 N.C. App. 362, 366, 438 S.E.2d 449, 452 (1994). A trespasser, on the other hand, is a person who enters another's land without permission. *Hoots*, 106 N.C. App. at 407, 417 S.E.2d at 276.

The property owner or possessor of the premises owes a licensee the duty to refrain from doing her willful injury and from wantonly and recklessly exposing her to danger. *Crane v. Caldwell*, 113 N.C. App. at 365-66, 438 S.E.2d at 451. If the owner is actively negligent in managing the property while the licensee is exercising due care on the premises and subjects the licensee to increased danger, the owner will be liable for injuries sustained as a result of such *active* conduct or *affirmative* negligence. *DeHaven v. Hoskins*, 95 N.C. App. 397, 400, 382 S.E.2d 856, 858, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989).

The property owner has *no* duty, however, to keep the premises safe for the licensee's use, protect her from injuries caused by the condition of the property, or protect her from damages caused by ordinary use of the premises. *Pafford v. Construction Co.*, 217 N.C. 730, 736, 9 S.E.2d 408, 412 (1940). The general rule is that a landowner is not liable for injuries due to the condition of the property or due to passive negligence or acts of omission. *DeHaven*, 95 N.C. App. at 400, 382 S.E.2d at 858. A licensee enters the premises by permission but goes there at her own risk to enjoy the license subject to its accompanying perils. *Pafford*, 217 N.C. at 737, 9 S.E.2d at 412.

If the injured party is a trespasser, the landowner has a duty not to willfully or wantonly injure her. *McLamb v. Jones*, 23 N.C. App. 670, 672, 209 S.E.2d 854, 856 (1974). Willful injury is actual knowledge of the danger combined with a design, purpose, or intent to do wrong and inflict injury. *Hoots*, 106 N.C. App. at 407, 417 S.E.2d at 276. A wanton act is performed intentionally with a reckless indifference to the injuries likely to result. *Id.* "Willful or intentional negligence is something distinct from mere carelessness and inattention, however gross." *Wagoner v. R.R.*, 238 N.C. 162, 168, 77 S.E.2d 701, 706 (1953) (quoting *Bailey v. R.R.*, 149 N.C. 169, 62 S.E. 912 (1908)).

[1] Plaintiff argues that Skusa's failure to ask the decedent to stop or leave the premises before she jumped into the pool implied the girl

had a license to use the pool. Assuming plaintiff is correct and his daughter had implied permission to use the pool, plaintiff must nonetheless establish that defendants willfully or wantonly injured the decedent or wantonly or recklessly exposed her to danger.

Plaintiff argues defendants exercised willful and wanton misconduct by not having proper lifesaving equipment by the pool, not having a ladder in the deep end of the pool, not installing underwater lighting in the pool, allowing Skusa to serve as lifeguard for children swimming in the pool, and allowing children to swim in the pool under these conditions. Plaintiff also argues Skusa's failure to attempt to rescue the decedent after she sank to the bottom of the pool was willful and wanton misconduct.

We find none of these acts or omissions rise to the level of willful or wanton misconduct. Defendants had no duty to keep their swimming pool safe for use by plaintiff's daughter or to protect her from the injuries caused by the condition of the pool. The girl entered the swimming pool at her own risk and assumed the dangers of a pool with no ladder at the deep end, no underwater lighting, and no trained lifeguard. Failure to employ such safeguards evidences only passive negligence, if any, or passive omissions on defendants' part. Defendants engaged in no affirmative acts of negligence to put Carmela at greater risk of injury after she arrived on the premises. As a licensee who was old enough to know she was a poor swimmer, the decedent assumed the risk of jumping into a pool not equipped with certain safety devices. Furthermore, Skusa's failed attempt to rescue the decedent did not increase her injuries or cause her death.

[2] Plaintiff argues defendants owed decedent a higher standard of care than that generally afforded to a licensee because she was a child. Plaintiff cites *Anderson v. Butler*, 284 N.C. 723, 202 S.E.2d 585 (1974), in support of this argument. In *Anderson*, a forklift driven by an eleven-year-old boy struck and injured a nine-year-old boy who fell off the forklift. The injured boy and his parents sought to recover damages from the eleven-year-old boy's father, who had given his son permission to drive the forklift. The *Anderson* court held:

" '[C]ommon experience tells us that a child may be too young and immature to observe the care necessary to his own preservation, and therefore, when a person comes in contact with such a child, if its youth and immaturity are obvious, he is chargeable with knowledge of that fact and he cannot indulge the presumption that the child will do what is necessary to avoid an impend-

ing danger. Therefore, one seeing such a child in such a position is guilty of negligence if he does not take into account the fact that it is a child, and regulate his own conduct accordingly . . . .' "

*Id.* at 729, 202 S.E.2d at 589 (quoting *Greer v. Lumber Co.*, 161 N.C. 144, 76 S.E. 725 (1912)). The court stated a higher measure of care was required when a duty was owed to young children.

The facts in the instant case distinguish it from *Anderson*. The injured boy in *Anderson* testified the defendant father had seen him riding the forklift. Furthermore, defendant's son was actively driving the forklift and asked the nine-year-old to get on board to hold a rug. In the case at hand, Barbara Skusa engaged in no active conduct to increase the risk to plaintiff's daughter before she jumped in the pool. Skusa testified that no more than thirty seconds elapsed between the time the decedent entered the pool area and the time she jumped into the pool. Skusa had little or no opportunity to intervene. A reasonable person would assume a swimming pool posed no great danger to a child as old as the decedent who did not hesitate in jumping into the deep end. Even considering the higher standard of care imposed by *Anderson*, we find the death of plaintiff's daughter is not attributable to defendants' negligence.

Plaintiff offered no evidence of active conduct or affirmative negligence by defendants. The only support plaintiff provides for allegations of willful or wanton negligence are conclusory statements made by Martin Greenlaw, an expert in aquatic safety. For a witness to be competent as an expert he must have skill or experience in the subject he testifies about. *Yates v. J.W. Campbell Electrical Corp.*, 95 N.C. App. 354, 360, 382 S.E.2d 860, 864 (1989). When the expert provides opinion testimony on matters about which he has no special knowledge, skill or experience, the evidence is of no help to the trier of fact and should be excluded. *State v. Baldwin*, 330 N.C. 446, 458, 412 S.E.2d 31, 38 (1992). Since Greenlaw was not a legal expert, his *legal* characterization of defendants' acts did not create a genuine issue of material fact. We find the trial court properly granted defendants' motion for summary judgment.

**[3]** Finally, plaintiff contends the trial court erred in granting defendants' motion for summary judgment before plaintiff completed discovery. A trial court's decision to rule on a summary judgment motion before discovery is complete is within the discretion of the court, and its decision will not be reversed absent a manifest abuse of discre-

tion. *Evans v. Appert,* 91 N.C. App. 362, 368, 372 S.E.2d 94, 97, *disc. review denied,* 323 N.C. 623, 374 S.E.2d 584 (1988).

The hearing on defendants' motion for summary judgment took place nearly a year after plaintiff filed his complaint and nearly two months after defendants filed the motion. The trial court could reasonably have concluded that plaintiff had ample time before the hearing to depose any additional material witnesses. Furthermore, plaintiff did not request to continue discovery until the day of the hearing, and did not file a motion to continue summary judgment and discovery until *after* Judge Farmer announced his decision to grant summary judgment.

In addition, plaintiff's counsel argued at the summary judgment hearing that witnesses he had not yet deposed would provide evidence as to the status of the decedent. Plaintiff argued that testimony from these witnesses would establish decedent was a licensee. However, as we stated above, even if decedent was a licensee, plaintiff presented no evidence that defendants acted with active, affirmative, willful or wanton negligence. Therefore, we find the trial court did not abuse its discretion in granting summary judgment before plaintiff completed discovery.

The trial court's entry of summary judgment for defendants is

Affirmed.

Judges JOHN and WALKER concur.