CASSELL v. COLLINS

[120 N.C. App. 798 (1995)]

━━━━━━━━

KEITH JOHN CASSELL, Plaintiff v. SAMUEL L. COLLINS and AMERICAN SECURITY AND INVESTIGATION SYSTEMS, INC., Defendants

No. COA94-1157

(Filed 21 November 1995)

**Negligence § 108 (NCI4th)— guest at apartment complex stabbed—duty of security service to provide protection—breach of duty—summary judgment improper**

The trial court erred in entering summary judgment for defendant which had contracted to provide unarmed security guard service at an apartment complex where plaintiff, who was visiting a tenant, was stabbed in the presence of a security guard who offered no aid but instead ran from the building, since plaintiff was a licensee on the premises; defendant had assumed an affirmative duty to provide some protection to plaintiff; and, applying a standard of reasonable care, defendant breached its duty.

**Am Jur 2d, Negligence § 21; Premises Liability § 513.**

**Comment Note—Private person's duty and liability for failure to protect another against criminal attack by third person. 10 ALR3d 619.**

**Landlord's obligation to protect tenant against criminal activities of third persons. 43 ALR3d 331.**

Judge WYNN concurring.

Judge MARTIN (John C.) dissenting.

Appeal by plaintiff from order entered 1 November 1993 in New Hanover County Superior Court by Judge Richard B. Allsbrook. Heard in the Court of Appeals 22 August 1995.

*Law Offices of Alexander M. Hall, by Virginia R. Hager, for plaintiff-appellant.*

*Yates, McLamb & Weyher, by Andrew A. Vanore, III, and Beth Y. Smoot, for defendant-appellee.*

GREENE, Judge.

Keith John Cassell (plaintiff) appeals from the grant of a summary judgment for American Security and Investigation Systems, Inc. (ASI).

The evidence, in the light most favorable to the plaintiff, reveals that ASI provided, pursuant to a contract with the management company, unarmed security guard service at the Pines of Wilmington, an apartment complex. On 23 May 1991, while the plaintiff was visiting a tenant of the apartment complex, plaintiff was stabbed by Samuel L. Collins (Collins). The assault occurred in the presence of one of ASI's security guards who had earlier been asked to keep an eye on Collins and who was asked for help during the assault. The security guard provided no help to the plaintiff and instead ran from the building.

The complaint alleges that ASI was negligent in that it "made no effort to prevent the assault, despite . . . being alerted and requested to do so."

The dispositive issue is whether ASI owed a duty of reasonable care to the plaintiff.

As a social guest at the apartment complex, the plaintiff held the status of licensee. *Murrell v. Handley*, 245 N.C. 559, 561-62, 96 S.E.2d 717, 719-20 (1957). Ordinarily, the duty of care owed to a licensee by

CASSELL v. COLLINS

[120 N.C. App. 798 (1995)]

the owner of land is to "refrain from doing the licensee willful injury and from wantonly and recklessly exposing him to danger." *McCurry v. Wilson*, 90 N.C. App 642, 645, 369 S.E.2d 389, 392 (1988). When, however, "the licensee's injury is caused by the owner's active conduct or 'affirmative negligence,' " a different duty arises. *DeHaven v. Hoskins*, 95 N.C. App. 397, 400, 382 S.E.2d 856, 858, *disc. rev. denied*, 325 N.C. 705, 388 S.E.2d 452 (1989); *Thames v. Nello Teer Co.*, 267 N.C. 565, 569, 148 S.E.2d 527, 530 (1966); *Howard v. Jackson*, 120 N.C. App. 243, 247, 461 S.E.2d 793, 796 (1995). In this latter instance, the "owner must exercise reasonable care for the protection of [the] licensee." *DeHaven*, 95 N.C. App. at 400, 382 S.E.2d at 858.

In this case, the evidence, considered in the light most favorable to the plaintiff, *Raritan River Steel Co. v. Cherry Bekaert & Holland*, 101 N.C. App. 1, 3-4, 398 S.E.2d 889, 890-91 (1990) (standard for evaluating summary judgment motion), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991), can support findings that (1) at the time of the assault the plaintiff was a licensee on the premises of the apartment complex; (2) ASI, who is subject to the same liability as the owner, *see Restatement (Second) of Torts* § 383 (1965), in providing a security guard, had assumed an affirmative duty to provide some protection to the plaintiff; and (3) applying a standard of reasonable care, ASI breached its duty. Thus, summary judgment for ASI is improper and must be reversed. *See* N.C.G.S. § 1A-1, Rule 56 (1990) (summary judgment appropriate only if no genuine issue of material fact and movant entitled to judgment as matter of law).

Reversed and remanded.

Judge WYNN concurs with separate opinion.

Judge MARTIN, John C., dissents.

Judge WYNN concurring with separate opinion.

I concur with the majority opinion determining that there is an issue of fact as to whether ASI was affirmatively negligent in failing to provide the plaintiff protection from the assault. I, however, would reach this conclusion for different reasons.

In my opinion, the common-law distinction between invitees and licensees should be applied only when a plaintiff seeks recovery of damages resulting from some condition or use of the landowner's premises. Our state's precedent demonstrates that an injured plain-

tiff's status as a trespasser, licensee, or invitee is relevant only when the plaintiff was injured due to some condition on or in the defendant's land or premises. In *Pafford v. J.A. Jones Constr. Co.*, 217 N.C. 730, 9 S.E.2d 408 (1940), our Supreme Court explained:

> The owner or person in possession of property is ordinarily under no duty to make or keep property in a safe condition for the use of a licensee or to protect mere licensees from *injury due to the condition of the property*, or from damages incident to the ordinary uses to which the premises are subject . . . the owner or person in charge of property, is not liable for injuries to licensees due to the condition of the property, . . . .

*Id.* at 736, 9 S.E.2d at 412 (*emphasis supplied*).

Furthermore, in *Dunn v. Bomberger*, 213 N.C. 172, 175, 195 S.E. 364, 366-67 (1938), plaintiff's intestate, an employee of a contractor for the State Highway Commission, was killed when an excavation of defendant's land suddenly caved in on the employee. The defendant landowner was held not liable to the decedent, a licensee, because "defendant did not owe him the duty to keep his premises in a reasonably safe condition," and under the circumstances, was not liable for injuries resulting from "defects, obstacles or pitfalls upon the premises."

The trespasser-licensee-invitee classification scheme is also appropriately used in analyzing a defendant's liability for activities carried on upon the land, such as construction work, yard work, or using fire or explosives.

In the case at hand, plaintiff does not allege that he was injured due to the defendant's provision of security guard services at the apartment complex. Rather, the plaintiff alleges that the security guard "was negligent in that he was present and observed the events immediately preceding the stabbing assault, but made no effort to intervene, speak to [the assailant], or prevent the assault." The security guard's negligence cannot fairly be characterized as a condition or activity upon the land or premises of the apartment complex. Here, plaintiff contends that the defendant American Security and Investigation Systems, Inc. is vicariously liable for the security's guard's negligence under the theory of *respondeat superior*.

The doctrine of *respondeat superior* provides that the employer is liable for the negligence of his employee while the employee is acting within the scope of his employment. *Thomas v. Poole*, 45 N.C.

App. 260, 264, 262 S.E.2d 854, 856 (1980), *disc. rev. denied*, 304 N.C. 733, 287 S.E.2d 902 (1982). To establish liability based on the doctrine of *respondeat superior*, the following facts must be shown: "(1) an injury by the negligence of the wrongdoer, (2) the relationship of employer-employee between the party to be charged and the wrongdoer, (3) a wrong perpetrated in the course of employment or within the employee's scope of authority, and (4) an employee going about the business of his superior at the time of the injury." *White v. Hardy*, 678 F.2d 485, 487 (4th Cir. 1982).

In this case, the landlord provided security services for the apartment complex. Because a security guard's duties entail keeping the premises and persons on the premises safe and free from injury, a genuine issue of material fact exists as to whether the guard was negligent in performing these duties. Indeed, it appears futile to hire a security guard if he fails to act whenever a breach of security arises.

Inasmuch as plaintiff has forecasted in support of these allegations evidence that is sufficient to create a question of fact for the jury, summary judgment should be precluded.

Judge MARTIN, John C., dissenting.

I agree with Judge Greene that the duty owed to plaintiff in this case is determined by plaintiff's status as a licensee. I further agree that an owner of land normally owes a licensee only the duty to refrain from willfully injuring the licensee or wantonly and recklessly exposing the licensee to danger; but that if the owner of land is engaged in active conduct or "affirmative negligence," "the owner must exercise reasonable care for the protection of a licensee." *DeHaven v. Hoskins*, 95 N.C. App. 397, 400, 382 S.E.2d 856, 859, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989). The evidentiary record in this case, however, reveals no active conduct or affirmative negligence on the part of ASI's security guard. Therefore, I vote to affirm the judgment of the trial court.

Plaintiff's claim against ASI is based upon allegations of negligence. Negligence is a failure to exercise proper care in the performance of some legal duty owed by a defendant to a plaintiff under the circumstances. *Mattingly v. R.R.*, 253 N.C. 746, 117 S.E.2d 844 (1961). In the absence of a legal duty owed the injured party by the defendant, there can be no liability in tort. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988). In the present case, ASI, as an independent contractor of the

apartment complex, is subject to the same liability, or lack thereof, as the landowner. *Restatement (Second) of Torts* § 383 (1965).

The majority asserts that "ASI assumed an affirmative duty to provide some protection to the plaintiff." The only evidence with respect to ASI's responsibilities is contained in a memorandum from the management of the apartment complex to ASI stating that ASI's guard was "to be visible both as a deterrant [sic] to potential vandals as well as a sense of security for residents." Neither ASI's contract nor the memorandum impose a duty upon ASI to protect social guests or licensees. While this may appear a narrow distinction, it is precisely the distinction upon which premises liability is based. *See, e.g., Clarke v. Kerchner,* 11 N.C. App. 454, 460, 181 S.E.2d 787, 791, *cert. denied,* 279 N.C. 393, 183 S.E.2d 241 (1971) ("[T]he duty owed a person on the premises of another depends on the status enjoyed by the visitor; different duties are owed to the invitee, the licensee, and the trespasser."). North Carolina courts have repeatedly held that the duty owed by landowners in protecting visitors from foreseeable criminal activity by third parties is dependent upon the visitors' legal status. *See Murrow v. Daniels,* 321 N.C. 494, 364 S.E.2d 392 (1988); *Foster v. Winston-Salem Joint Venture,* 303 N.C. 636, 281 S.E.2d 36 (1981); *Purvis v. Bryson's Jewelers,* 115 N.C. App. 146, 443 S.E.2d 768 (1994); *Abernethy v. Spartan Food Systems, Inc.,* 103 N.C. App. 154, 404 S.E.2d 710 (1991); *Helms v. Church's Fried Chicken, Inc.,* 81 N.C. App. 427, 344 S.E.2d 349 (1986); *Sawyer v. Carter,* 71 N.C. App. 556, 322 S.E.2d 813 (1984), *disc. review denied,* 313 N.C. 509, 329 S.E.2d 393 (1985); *Brown v. N.C. Wesleyan College,* 65 N.C. App. 579, 309 S.E.2d 701 (1983); *Shepard v. Drucker & Falk,* 63 N.C. App. 667, 306 S.E.2d 199 (1983); *Urbano v. Days Inn,* 58 N.C. App. 795, 295 S.E.2d 240 (1982). Each of the cited cases involved the landowner's duty to protect invitees from foreseeable criminal acts of third parties; no such duty has been extended to licensees by the courts of this State.

Plaintiff argues, however, that it is illogical to apply a different standard of care with respect to the apartment complex tenant he was visiting, who was also stabbed, than to himself, when they were both injured at the same time and in the same manner. He cites to us decisions of other jurisdictions which accord to the social guest of a tenant the same legal status as the tenant for tort liability. *See, e.g., Hancock v. Alabama Home Mortgage Co.,* 393 So. 2d 969, 970 (Ala. 1981); *Shirley v. National Applicators of Cal., Inc.,* 566 P.2d 322, 326 (Ariz. App. 1977); *Hiller v. Harsh,* 426 N.E.2d 960, 964 (Ill. App. 1 Dist., 1981); *Murray v. Lane,* 444 A.2d 1069, 1072-73 (Md. App. 1982);

*Lindsey v. Massios*, 360 N.E.2d 631, 633 (Mass. 1977); *Lucas v. Mississippi Housing Authority*, 441 So. 2d 101, 103 (Miss. 1983); *Wilder v. Chase Resorts, Inc.*, 543 S.W.2d 527, 530-31 (Mo. App. 1976). *See also Restatement (Second) of Torts* § 360 (1965).

It is true that some jurisdictions have abandoned status distinctions in determining the liability of a landowner to a person injured on the landowner's property. *See, e.g.*, 62 Am. Jur. 2d *Premises Liability* §§ 79-83 (1990). However, North Carolina has not adopted this position, and it is the responsibility of this Court to follow the decisions of the North Carolina Supreme Court. *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985). Inasmuch as the guard was not affirmatively negligent, he breached no duty owed to plaintiff as a licensee.