KEITH JOHN CASSELL v. SAMUEL L. COLLINS AND AMERICAN SECURITY AND INVESTIGATION SYSTEMS, INC.

No. 566A95

(Filed 31 July 1996)

## Negligence § 108 (NCI4th)— guest at apartment complex stabbed—security company—no duty owed plaintiff

Summary judgment was properly entered on behalf of defendant American Security and Investigation Systems in a negligence action where plaintiff was stabbed in the presence of defendant's security guard while visiting a tenant of an apartment complex. Common law distinctions between licensees and invitees are not determinative and, while the Restatement of Torts was cited by the Court of Appeals in concluding that defendant owed duties to plaintiff, the Restatement of Torts is not North Carolina law. The extent of the duty of defendant security company to plaintiff, if any, is governed by the contract between defendant and the management company, NPI, and neither the contract between defendant and NPI nor a memorandum from NPI imposed a duty on defendant to protect social guests of tenants at the complex. The fact that the guard was unarmed is further indication that neither defendant nor NPI contemplated that the guard would be required to intervene or attempt to prevent a criminal assault. The mere act of providing a security guard does

CASSELL v. COLLINS

[344 N.C. 160 (1996)]

not impose upon defendant any greater duties than those delineated under its contract to provide security services and did not impose upon the defendant any duty to prevent a criminal assault upon plaintiff. While several exceptions have been recognized to the general rule that declines to impose civil liability upon landowners for criminal acts committed by third persons, those exceptions have been limited to specific circumstances.

**Am Jur 2d, Premises Liability §§ 45 et seq.**

**Comment Note.—Private person's duty and liability for failure to protect another against criminal attack by third person. 10 ALR3d 619.**

**Liability of hotel or motel operator for injury to guest resulting from assault by third party. 28 ALR4th 80.**

**Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal attack by third party. 31 ALR5th 550.**

Appeal by defendant American Security and Investigation Systems, Inc. (ASI), pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 120 N.C. App. 798, 463 S.E.2d 782 (1995), reversing summary judgment entered in favor of ASI by Allsbrook, J., on 1 November 1993, in Superior Court, New Hanover County. Heard in the Supreme Court 16 May 1996.

*Virginia R. Hager and Mark W. Morris for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by Andrew A. Vanore, III, and Travis K. Morton, for defendant-appellant American Security and Investigation Systems, Inc.*

MITCHELL, Chief Justice.

Plaintiff was stabbed by defendant Samuel L. Collins on 23 May 1991 while plaintiff was visiting a tenant of The Pines of Wilmington, an apartment complex managed by NPI Property Management Corporation (NPI). The assault occurred in the presence of a security guard who was an employee of defendant American Security and Investigation Systems, Inc. (ASI). By a contract with NPI, ASI had agreed to provide security guard services at The Pines of Wilmington. The contract provided that an unarmed, uniformed security guard was to patrol the apartment complex between the hours of 8:00 p.m.

and 2:00 a.m. A memorandum from the management of the apartment complex to ASI specified that ASI's guard "was to be visible both as a deterrent to potential vandals as well as a sense of security for residents."

On 22 May 1992, plaintiff filed suit against both defendants, alleging that ASI was negligent in that its security guard "was present and observed the events immediately preceding the stabbing assault, but made no effort to intervene, speak to [the assailant], or prevent the assault." Default judgment was ordered against Collins on 3 November 1992. No appeal was taken from that judgment. On 1 November 1993, the trial court granted ASI's motion for summary judgment, finding that no genuine issue as to any material fact existed with respect to the liability of ASI.

A divided panel of the Court of Appeals reversed. Writing for the court, Judge Greene concluded that plaintiff was a licensee; that ASI was subject to the same liability as the owner of the complex; and that by providing a security guard, ASI "had assumed an affirmative duty to provide some protection to the plaintiff." *Cassell v. Collins*, 120 N.C. App. 798, 800, 463 S.E.2d 782, 783 (1995). Taking the evidence in the light most favorable to plaintiff, the majority concluded that a genuine issue existed as to whether ASI breached its duty to plaintiff. In a concurring opinion, Judge Wynn stated that the "security guard's negligence cannot fairly be characterized as a condition or activity upon the land or premises of the apartment complex," *id.* at 801, 463 S.E.2d at 784, and thus, plaintiff's status as a licensee was not determinative. However, Judge Wynn also determined that plaintiff's forecast of evidence did present a genuine issue as to ASI's negligence because "a security guard's duties entail keeping the premises and persons on the premises safe and free from injury." *Id.* at 802, 463 S.E.2d at 784. In a dissenting opinion, Judge John C. Martin agreed with the conclusion that the duty owed to plaintiff was determined by his status as a licensee but disagreed that plaintiff's forecast of evidence tended to show that ASI had breached any duty. Judge Martin noted that neither ASI's contract with the apartment complex nor the memorandum from the apartment complex management imposed a duty upon ASI's security guards to protect licensees.

At issue before us is whether ASI, through its security guard, owed any duty to plaintiff such that ASI can be held liable in tort for the criminal assault committed by Collins. We conclude that ASI owed no duty to plaintiff. Therefore, we reverse the Court of Appeals

**CASSELL v. COLLINS**

[344 N.C. 160 (1996)]

and remand this case for reinstatement of summary judgment for defendant ASI.

Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances. *Clarke v. Holman,* 274 N.C. 425, 428, 163 S.E.2d 783, 786 (1968); see also 22 Strong's North Carolina Index 4th *Negligence* § 1 (1993) and cases cited therein. In the absence of a legal duty owed to the plaintiff by ASI, ASI cannot be liable for negligence.

Neither party in the present case disputes the fact that as a social guest of a tenant of The Pines of Wilmington, plaintiff was a licensee. Common law distinctions between licensees and invitees, however, are not determinative in the present case. We are not presented with the issue of the duties owed a tenant of The Pines of Wilmington by the owner or possessor of the complex, *cf. Shepard v. Drucker & Falk,* 63 N.C. App. 667, 306 S.E.2d 199 (1983) (affirming jury verdict for landlord in negligence suit by tenant when tenant was sexually assaulted at gunpoint on landlord's property), nor are we presented with the issue of any duty owed plaintiff by NPI. While plaintiff's status as a licensee might be a factor in defining the extent of any obligation owed him by such parties, it does not determine the duty owed him by ASI under the facts presented.

Citing section 383 of the Restatement of Torts, both the majority and the dissent concluded that ASI owed the same duties to plaintiff, and thus was subject to the same liability in tort, as the landowner. Section 383 provides:

One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.

Restatement (Second) of Torts § 383 (1965). We reemphasize yet again that the Restatement of Torts is *not* North Carolina law. *Cf. Mickles v. Duke Power Co.,* 342 N.C. 103, 110, 463 S.E.2d 206, 211 (1995) (disavowing an illustration from section 8A of the Restatement of Torts as authority). While section 383 may be persuasive in other contexts, we reject it in the context of this case with respect to the duties owed the guest of an apartment complex tenant by a security services company. Rather, the extent of ASI's duty to plaintiff, if any, is governed by the contract between ASI and NPI. Thus, in determin-

ing whether the trial court erred in granting summary judgment for ASI, we turn to the contract and any other evidence in the record that might tend to present a genuine issue with respect to the duties owed plaintiff by ASI under the contract.

We conclude that the pleadings, depositions, and affidavits fail to present any genuine issue of material fact. Neither the contract between ASI and NPI nor the memorandum from the complex management imposed a duty on ASI to protect social guests of tenants at the complex. Rather, the evidence, taken in the light most favorable to plaintiff, tends to show that ASI only agreed to provide a security guard to The Pines of Wilmington between the hours of 8:00 p.m. and 2:00 a.m. ASI's guard was responsible under the contract for closing and securing the complex pool, tagging cars that were parked improperly, making rounds on the property, and preventing tenants from "hanging out" in common areas. In addition, the memorandum from the complex management noted that ASI's guard was "to be visible both as a deterrent to potential vandals as well as a sense of security for residents." No forecast of evidence exists tending to show that ASI agreed to protect tenants, much less the tenants' guests such as plaintiff, from the criminal acts of others. The fact that the ASI guard was unarmed is further indication that neither ASI nor NPI contemplated that the guard would be required to intervene or attempt to prevent a criminal assault. Thus, no material issue of fact arises as to whether ASI's guard had a duty to intervene in the assault, to speak to the assailant, or to prevent the assault.

We also decline to adopt the position that the mere act of providing a security guard imposed upon ASI any greater duties than those delineated under its contract to provide security services. While the provision of security services at the complex might have some relevance in determining the owner of the apartment complex's liability, see Shepard, 63 N.C. App. at 671-72, 306 S.E.2d at 203, that issue is not presented to this Court. Nevertheless, Judge Wynn concluded that a genuine issue of material fact existed with respect to whether ASI could be held liable for negligence because it provided the security guard, and "a security guard's duties entail keeping the premises and persons on the premises safe and free from injury." Cassell, 120 N.C. App. at 802, 463 S.E.2d at 784. We find no authority in North Carolina for imposing such a duty upon security guards or those who provide them, and we decline to create such a duty as a matter of law in the present case. Further, as stated earlier, there is no evidence that ASI agreed contractually to keep the tenants, much less the guests of ten-

ants, "safe and free from injury." Therefore, we cannot conclude that the mere act of providing a security guard imposed upon ASI any duty to prevent Collins from criminally assaulting plaintiff.

Our conclusion here also parallels our general rule of law that declines to impose civil liability upon landowners for criminal acts committed by third persons. While this Court has recognized several exceptions to this rule, the exceptions have been limited to specific circumstances. For example, in *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E.2d 36 (1981), we held that a customer who was assaulted in the parking lot of a shopping mall had stated a claim for relief in negligence against the owners of the shopping mall. We noted, however, that her forecast of evidence revealed thirty-one reported incidents of criminal activity in the mall's parking lot in the year prior to the assault. We held that the plaintiff in that case had alleged sufficient facts to raise an issue as to the foreseeability of the assault. *Id.* at 642, 281 S.E.2d at 40.

Subsequently, our courts have applied the *Foster* exception to actions by invitees against other landowners for criminal acts committed by third persons. *See, e.g., Murrow v. Daniels*, 321 N.C. 494, 364 S.E.2d 392 (1988) (registered guest of motel assaulted in motel room); *Abernethy v. Spartan Food Sys., Inc.*, 103 N.C. App. 154, 404 S.E.2d 710 (1991) (customer assaulted inside fast food restaurant); *Helms v. Church's Fried Chicken, Inc.*, 81 N.C. App. 427, 344 S.E.2d 349 (1986) (customers assaulted during robbery of fast food restaurant); *Sawyer v. Carter*, 71 N.C. App. 556, 322 S.E.2d 813 (1984) (customer injured during robbery of convenience store), *disc. rev. denied*, 313 N.C. 509, 329 S.E.2d 393 (1985); *Urbano v. Days Inn of America*, 58 N.C. App. 795, 295 S.E.2d 240 (1982) (registered guest of motel assaulted in motel's parking lot). Unlike the present case, however, the defendant in each of those cases was the owner or proprietor of the property where the criminal act occurred, and each plaintiff was a business invitee who was able to forecast evidence sufficient to raise an issue as to the foreseeability of the criminal act.

Other exceptions to the general rule that landowners have no duty to protect another from the criminal acts committed by a third person may also be justified by the existence of a special relationship between the parties. For example, this Court has held that a parent may incur tort liability for the criminal assault of another by a child if it can be shown "that the parent knew or in the exercise of due care should have known of the [dangerous] propensities of the child and

could have reasonably foreseen that failure to control those propensities would result in injurious consequences." *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E.2d 436, 440 (1982). Again, the foreseeability of the criminal conduct in conjunction with the parent-child relationship is determinative with respect to the parent's liability for the negligent supervision of the child.

Because plaintiff has failed to forecast evidence tending to show a duty owed him by ASI, summary judgment was properly entered on behalf of ASI by the trial court. We therefore reverse the decision of the Court of Appeals and remand to that court for further remand to the Superior Court, New Hanover County, for reinstatement of the trial court's order.

REVERSED AND REMANDED.